CITY OF GREENSBORO and STATE v. J. H. SHIELDS and another.

*Chief Officers of Cities and Towns--Criminal Jurisdiction--Prosecution under City Ordinance.*

1. A Justice of the Peace has final jurisdiction over affrays, on compliance with the required preliminary conditions.

2. A chief officer of a city or town has the same criminal jurisdiction within the corporate limits as is given to Justices of the Peace ; but the statutory requisites which confer final jurisdiction must be complied with.

3. A prosecution under a city ordinance must fail if no ordinance is set out in the proceedings as having been violated.

CRIMINAL ACTION heard at Fall Term, 1877, of GUILFORD Superior Court, before *Buxton, J.*

The Mayor of Greensboro issued a warrant for an affray against the defendants in the above entitled action, and upon the trial before him, they were adjudged guilty and a fine imposed, from which judgment the defendant, Shields, appealed ; and His Honor upon motion of defendant's counsel dismissed the case, for that, the Mayor had no jurisdiction, nor was the particular city ordinance alleged to have been violated, specifically set out in the warrant; and from this ruling, *Staples*, City Attorney, appealed.

*Messrs. Merrimon, Fuller & Ashe* and *J N. Staples*, for the City of Greensboro.

*Mr. J. T. Morehead*, for the defendant.

BYNUM J.   The chief officer of cities and towns has the same criminal jurisdiction within the city limits, as is given to Justices of the Peace ; and Justices of the Peace have final jurisdiction over affrays, the offence specified in this

proceeding, on a compliance with certain preliminary conditions. Bat. Rev. ch. 33 § 115, and ch. 111 § 30.

If therefore this action had been commenced in the name of the State only, and in compliance with the statutory requisites which confer final jurisdiction, it would have been lawful for the Mayor to try and punish these offenders as he has done.

But as a State prosecution, the conviction was improper because no jurisdiction had been acquired, for the reason that no complaint had been filed by the party injured, and collusion with the accused had not been negatived. Bat. Rev. ch. 33 § 119.

As a city prosecution, it must also fail because no ordinance is set out in the proceedings as having been violated. One cannot be criminally convicted without an accusation, an offence charged

No error.

PER CURIAM.                              Judgment affirmed.