HENDERSONVILLE v. G. W McMINN.

*Towns and Cities—Prosecution under Ordinance.*

A prosecution under a town ordinance must fail if no ordinance is set out in the proceedings as having been violated. (*Greensboro* v. *Shields,* 78 N. C., 417, approved.)

HENDERSONVILLE *v.* MCMINN.

*(Wilmington* v. *Davis,* 63 N. C., 582 ; *Town of Edenton* v. *Wool,* 65 N. C., 379 ; *City of Greensboro* v. *Shields,* 78 N. C., 417, cited and approved.

PROCEEDINGS in the nature of a Criminal Action, tried at Spring Term, 1879, of HENDERSON Superior Court, before *Gudger, J.*

This was a warrant issued by the chief magistrate of the town of Hendersonville against the defendant, and is as follows :

" STATE OF NORTH CAROLINA, ⎫
    Henderson County."        ⎭
" *To the town constable to execute and return forthwith* :  You are hereby commanded to take the body of G. W. McMinn and cause him to appear before me to answer the complaint of the town commissioners for a violation of one of the ordinances of the town of Hendersonville, prohibiting the sale of intoxicating liquors." (Signed and sealed by the chief magistrate.)

On the return of this warrant " executed " the magistrate of the town adjudged that a fine be entered against the defendant for the sum of fifty dollars and costs, and he appealed to the superior court, in which court the case was continued from term to term until spring term, 1877, when he pleaded " guilty." The judgment was suspended upon payment of costs, and defendant recognized for his appearance from term to term until spring term, 1879, when it was adjudged by the court that he pay a fine of fifty dollars, from which judgment he appealed.

*Mr. C. M. McLoud,* for defendant.
*Attorney General, contra.*

ASHE, J.  The process under which the defendant was arrested is so defective in form and substance as not to warrant

the judgment pronounced upon him in the court below. It should have set out the ordinance, but instead of doing so it charges the defendant with the violation of *one of the ordinances* of the town of Hendersonville—prohibiting the sale of intoxicating liquors, implying that there was more than one ordinance of the town on that subject. Which did he violate ? If it was intended to be a criminal prosecution, the warrant is the indictment; and every indictment must state the facts and circumstances constituting the offence with such certainty, that the defendant may be enabled to determine the species of the offence with which he is charged, in order that he may know how to prepare his defence, and that the court may be in no doubt as to the judgment it should pronounce if the defendant be convicted. Archb. Cr. Pl., 42, 43.

But the proceeding in this case is not a criminal action, because it is not brought in the name of the state, and cannot be sustained as a civil action because it is not in form a summons and does not require the defendant to answer the plaintiff for a debt; but even if it did, the town magistrate had no jurisdiction of the case as a civil action, unless he was also a justice of the peace, which does not appear. *Wilmington* v. *Davis,* 63 N. C., 582; *Town of Edenton* v. *Wool,* 65 N. C., 379; *City of Greensboro* v. *Shields,* 78 N. C., 417.

There is error. The judgment in the court below must be reversed. Let this be certified to the superior court of Henderson county.

Error. Reversed.