STATE v. JULIAN MERRITT and others.

*Violation of Town Ordinance—Sufficiency of Warrant.*

1. In a criminal action before the mayor of a town, the warrant set out "that on or about May 9th, 1880, the defendants M and P did while driving out of town act in a disorderly manner by driving at a furious rate, etc., contrary to law and in violation of the sixth ordinance of said town and against the peace and dignity of the state;" *Held,* to be sufficient.

2. Since the general law for the government of towns (Bat. Rev., ch. 111), of which judicial notice will be taken, it is not necessary in criminal warrants for a violation of a town ordinance to aver an authority to pass the ordinance alleged to be violated.

(*Watts* v. *Scott,* 2 Dev., 1 ; *Com'rs* v. *Frank,* 1 Jones, 436 ; *Hendersonville* v. *McMinn,* 82 N. C., 532, cited, distinguished and approved.)

CRIMINAL ACTION commenced before the mayor of the town of Clinton, and heard on appeal at Spring Term, 1880, of SAMPSON Superior Court, before *Avery, J.*

The mayor of the town issued a warrant for the arrest of the defendants, in the following words : B. F. Boykin complains on oath and says that at and in the town of Clinton, on or about the 9th day of May, 1880, Julian Merritt and Avery Peterson did while driving out of town act in a disorderly manner by driving at a furious rate, and did whoop and hollow so loud as to disturb the quiet of the town, especially those persons living on the street on which they were driving, contrary to the law and in violation of the sixth ordinance of said town, and against the peace and dignity of the state.

The motion to quash the proceeding was allowed by the court below, and *Galloway,* solicitor for the state, appealed.

*Attorney General* and *E. T. Boykin,* for the State.
The defendants were not represented in this court.

SMITH, C. J.   The criminal offence imputed to the defendants in the sworn complaint annexed to the warrant for their arrest is that of disorderly conduct in the streets of the town of Clinton in furious driving, whooping and hollowing and thereby disturbing its peace and quiet.   The parties were brought before the mayor, and on the hearing required' to pay a fine of two dollars and a half each, and the costs of the prosecution, and they appealed.   In the superior court the defendants' counsel moved to quash the proceeding, and the motion being allowed, the solicitor in behalf of the state appealed to this court.

In *Watts* v. *Scott,* 2 Dev., 1, the warrant was for a penalty " for violating the 28th section of the ordinance of the said town " (Hillsboro) and after verdict two objections were made to its form.   1. The warrant did not state as a fact, the existence of the ordinance mentioned in it, nor the contents of such ordinance or any part thereof.   2. The warrant did not allege any act or omission, by which any penalty given in the ordinance had been incurred.   The objections were sustained and the judgment arrested.   On appeal the ruling was declared to be erroneous and the judgment was reversed.

In *Com'rs* v. *Frank,* 1 Jones, 436, the charge was that the slaves, " did on Sunday, 5th instant, violate town ordinance No. 5," and it was held insufficient for failing to " set forth the act of assembly by virtue of which the ordinance was passed."

Without attempting to reconcile these decisions and accepting the latter as the correct exposition of the law, we are of opinion the charge in the present complaint is sufficiently explicit.   The arrest of judgment in the case last cited is based upon the want of an averment of authority in the commissioners to make the ordinance, which, if it existed, must have been conferred by a special statute.   We have now a general law of which judicial notice will be

taken for the government of towns. Bat. Rev., ch. 111. Section 20 of the act vests in the corporate authorities of towns the power " to enforce their by-laws and regulations by imposing penalties on such as violate them." Section 30 gives criminal jurisdiction to their chief officers, and section 31 declares that "any person or persons violating any ordinance of any city or town of this state, shall be deemed guilty of a misdemeanor."

It is not therefore necessary now to aver an authority to pass the ordinance conferred by a general and public law as it was when that authority was derived under a special act of incorporation. It appears from the complaint: 1. That the acts of the defendants were disorderly, a disturbance of the public peace and proper to be suppressed. 2. That the specific ordinance violated is pointed out by its number, from which the defendants know the accusation made against them. 3. That their criminal conduct is "contrary to the law and in violation of the 6th ordinance of the town."

These averments are clearly sufficient when proved to the satisfaction of the jury to warrant the judgment of the court. It cannot be expected, nor is it required, that summary proceedings before an inferior tribunal, such as first passed on this charge, should be conducted with the care and precision necessary in indictments for crimes of higher grade, prosecuted in courts of general and superior jurisdiction, and in our opinion the order to quash is erroneous.

The case is distinguishable from *Hendersonville* v. *McMinn,* 82 N. C., 532. There, the reference to the violated ordinance was wholly indefinite and vague, whereas in the case before us it is explicitly designated.

The judgment must be reversed and the court below directed to proceed, and it is so ordered.

Error.                                                    Reversed.