THE STATE v. ELI PHILLIPS and DANIEL PHILLIPS.

*Indictment — Election of Counts — Deadly Weapons — Serious Injury—Jurisdiction—Former Conviction.*

1. Where the several counts in an indictment are obviously inserted to meet different aspects of the same transaction, the Court will not compel the prosecutor to elect.

2. An indictment contained two counts, one for an assault with a deadly weapon, "with a club." and the other for an assault producing serious damage. Upon the trial it appeared that no club, or other deadly weapon, was used; that serious injury was inflicted, but that the indictment was found within less than six months after the commission of the offence, and that a Justice of the Peace had assumed jurisdiction and finally disposed of the

charge: *Held*, (1) that the description of the instrument in the first count, with which the assault was charged to have been committed, as "a *club*," *ex vi termini* imputed a deadly weapon ; (2) that although the second count was defective in that it did not set out the nature and extent of the injury inflicted, the Superior Court acquired jurisdiction under the first count : (3) that the Justice of the Peace never had final jurisdiction, and the trial before him was a nullity.

This was an Indictment for an Assault and Battery, tried at the January Term, 1889, of the Superior Court of ROB-ESON County, *Merrimon, J.*, presiding.

There were two counts in the indictment. The charge in the first count was, "that Eli Phillips and Daniel Phillips, late of * * * &c., in and upon one W. R. Butler with a *certain deadly weapon*, to-wit, *with a club*, unlawfully," &c. In the second count it was charged, "that said Eli Phillips and Daniel Phillips, on the day and year aforesaid, &c., * * * in and upon one W. R. Butler, unlawfully did make an assault upon him, the said W. R. Butler, and then and there did beat and wound, and thereby seriously damage and injure, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

This indictment was found within less than six months after the assault was committed. But it was also admitted that, previous to the finding of this indictment, the defendants had been tried, convicted before a Justice of the Peace, and punished by the payment of a fine of thirty dollars and costs on a charge of a simple assault, for the same offence for which they were tried in this case.

The defendants pleaded former conviction of a simple assault before the Justice of the Peace, and not guilty.

The Court refused to give the special instructions asked by the defendants' counsel, and defendants excepted.

The Court instructed the jury that if they believed that Butler was injured by the defendants, as testified to by him-

self, Bryan, and the other witnesses, they should find the defendants guilty.

Verdict, guilty.

The defendants moved in arrest of the judgment because the second count in the bill, to which alone the testimony was applicable, was defective in that the extent of the injury done to Butler was not therein alleged. The Judge refused to arrest the judgment, stating to counsel that, in his opinion, the first count was sufficient to sustain the verdict; that there was enough alleged in the first count to give the Superior Court jurisdiction, and the variance between the allegations of the first count and the proof was, at most, merely technical; that the evidence sustained the first count in its general design and purport and that this was enough; that it was clear that the Justice of the Peace had no jurisdiction, and that his proceedings in the case amounted to nothing. Defendants excepted.

The Court gave judgment against the defendants, and they excepted and appealed to this Court.

The evidence, prayer for instruction and exceptions are sufficiently stated in the opinion of the Court.

*The Attorney General,* for the State.
*Mr. W. F. French,* for the defendants.

AVERY, J.—after stating the facts: The defendants moved the Court, at the close of the evidence for the State, to compel the prosecutor to elect upon which count a conviction would be asked. The Court declined to grant the motion, because it was apparent that the two counts were drawn to meet the different phases of the same transaction. In this ruling there was no error. *State* v. *Morrison,* 85 N. C., 561; *State* v. *Parish* (decided at this term).

It being admitted that the indictment was found within six months after the offence was committed, the defendants

insist that the Superior Court did not have jurisdiction, because, in the first count, the description of the instrument used is not such that the Court can determine that it was a deadly weapon, and the nature of the injury is not set forth in the second count. If the Court can neither conclude, upon the face of the indictment, that the weapon described in the first count was one that would probably produce death when used offensively, nor that the injury, as charged in the second count, was of a serious nature, then there was a want of jurisdiction. *State* v. *Russell,* 91 N. C., 624; *State* v. *Porter,* 101 N. C., 713. In the latter case the Court say: "The present indictment manifestly falls short of this requirement, for, while called a deadly weapon, it is designated simply as a stick, with no description of its size, weight, or other qualities or proportions, from which it can be seen to be a dangerous or deadly implement, calculated in its use to put in peril life or inflict great physical injury upon the assailed."

This indictment is defective upon the same reasoning, unless the word club, *ex vi termini,* can be declared such an instrument as would probably produce death or great bodily harm when used to strike a blow. Worcester defines a club as " a *heavy* staff or stick, fit to be used in the hand as a weapon; a bludgeon." Bludgeon, according to the same lexicographer, is "a short stick *with one end loaded,* used as an offensive weapon." The definition of club given by Webster is "a heavy staff or piece of wood." So that the Court can declare that a blow stricken with such an implement would endanger life. In *State* v. *West,* 6 Jones, 509, Judge RUFFIN says: "Whether an instrument or weapon be a deadly one is, at least generally speaking, for the decision of the Court, because it is a matter of reason that it is, or is not, likely to do great bodily harm, which determines its character in this respect. *State* v. *Crater,* 6 Ired., 164. Hence, it is clear that a gun, sword, *large knife,* or bar of iron, or any other heavy instrument, by a blow from which

a grievous hurt would probably be inflicted, are deemed, in law, deadly instruments." The instrument declared to be deadly in that case, was an oaken staff, nearly three feet long, and of the diameter of an inch and a half at one end and two inches at the other end. It was manifestly so heavy as to make it dangerous. Greenleaf says (Ev., vol. 3., § 147), that malice may be presumed from "casting stones or other heavy bodies over a wall, or from a building, with intent to kill," &c., " or where a parent or master corrects a child with an instrument likely to cause death," &c.

Wharton, in Precedents of Indictments, Vol. I (244), approves a precedent for assault with "a large stick," when it was necessary to allege an intent to kill, and a charge of assault with "a large knife" has been held good under like circumstances. A club means more—not only a large, but a heavy stick.

We think that a club is such an instrument, in its weight, dimensions and character, that the Court must conclude that a blow stricken with it by a man would probably produce death or great bodily harm. We therefore hold that the Superior Court has jurisdiction of the offence charged in the first count, and the failure to prove that particular charge does not oust the jurisdiction acquired by virtue of the form of the indictment. *State* v. *Ray,* 89 N. C., 587; *State* v. *Reaves,* 85 N. C., 553.

The right to try the case being settled, his Honor in the Court below proceeded to hear the evidence, when it appeared from the testimony of every witness examined that serious injury had been sustained by Butler, the prosecutor. He, himself, testified that one of the defendants, Eli, knocked out three of his teeth by the first blow, and when he was made to desist, he called upon Daniel, the other defendant, to kill Butler, when Daniel overtook him, beat him down, and injured one of his eyes so that he could not see out of it at all for three weeks, and could not then see well. A second witness,

Mr. Bryan, testified that the prosecutor, his grandson, was so badly beaten on the jaw that he could not eat for several days, and that his face was bruised, his left arm was bruised to his shoulder, and his back was black from his head down. All the other witnesses corroborated these two as to the extent of the injuries received by Butler, and some of them said he had the print of a shoe heel on his shoulder.

The defendant asks the Court to instruct the jury, in substance—

1. That they must return a verdict of not guilty as to the first count of the indictment, because there was no proof of an assault with a club.

2. That the second count must be treated as a simple assault, and as it was not denied that the offence was committed less than six months before the indictment was found, the jury should return a verdict of not guilty.

3. That, as the defendants could only be convicted of a simple assault, and as they had already been tried and found guilty and punished for that offence, before a Justice of the Peace, the jury must return a verdict of not guilty.

Though the Superior Court had acquired the right to try the assault and battery by virtue of its powers as a Court of general jurisdiction, the Judge was urged to instruct the jury that they must return a verdict of not guilty on the second count, because it appeared that a Justice of the Peace, by fraud or mistake, had attempted to try finally a case that was palpably not cognizable in his Court.

The Judge must have told the jury to find for the defendants upon the plea of former conviction, and, upon the admitted facts, must have held that plea good, if the trial before the Justice's Court was a bar. We agree with his Honor that there is no rule of law that will compel a higher Court to recognize as valid a trial before an inferior, when the latter did not have jurisdiction.

The Court could see that the trial before the Justice of the Peace was without authority, when the undisputed facts showed such serious injuries had been sustained, and, treating it as a nullity, had a right to hold the second count to be a charge of a simple assault (the words "and thereby seriously damage and injure" being considered as surplusage), and punish the defendants just as though they had never been held to answer previously, or tried before any tribunal.

There was no error. The judgment must be affirmed.

Affirmed.