STATE v. DELLA TAYLOR SMITH, No. 3011.

AND

STATE v. DELLA TAYLOR SMITH, No. 3091.

(Filed 23 September, 1964.)

**1. Disorderly Conduct and Public Drunkenness—**

A bill of indictment charging that defendant "unlawfully and wilfully did appear in a public place in a rude and disorderly manner and did use profane and indecent language in the presence of two or more persons" is insufficient to charge a violation of G.S. 14-197, since it fails to charge that the indecent or profane language was spoken on a public road or highway and in a loud and boisterous manner.

**2. Arrest and Bail § 6—**

In order to charge a violation of G.S. 14-223, the warrant or bill of indictment must identify the officer by name and indicate the official duties he was discharging or attempting to discharge and should point out, in a general way at least, the manner in which defendant is charged with having resisted, delayed or obstructed such officer.

**3. Trespass § 13—**

A bill of indictment charging that defendant did unlawfully, wilfully and intentionally fail and refuse to leave private property after having been ordered to do so by the person in lawful possession, is sufficient to charge a criminal trespass.

**4. Criminal Law § 149—**

Where defendant appeals on the record proper upon his contention that the indictments upon which he was convicted were fatally defective, and files a petition for *certiorari* in the event judgment is not arrested in any one or more of the bills, the petition will be allowed upon' the bill which is free from fatal defect.

APPEAL by defendant from *Morris, J.,* June Session 1964 of MARTIN.

This defendant was tried and convicted on two bills of indictment which were consolidated for trial.

Bill of indictment No. 3011 contains two counts. The first count charges that the defendant "unlawfully and wilfully did appear in a public place in a rude and disorderly manner and did use profane and indecent language in the presence of two or more persons." The second count charges that the defendant "did obstruct, and delay a police officer in the performance of his duties by resisting arrest, to wit, striking said officer and hitting him with her fists and scratched him with her fingernails, against the form of the statute," *et cetera.*

Indictment No. 3091 charges that the defendant "unlawfully and wilfully and intentionally did fail and refuse to leave the premises of Everett Oil Company after having been ordered to do so by Roscoe Everett, partner, against the form of the statute," *et cetera.*

From a verdict of guilty on all three counts and from the judgments imposed, the defendant appeals on the record proper, assigning error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard for the State.*
*Albion Dunn, M. E. Cavendish for defendant.*

DENNY, C.J.  A warrant was issued against the defendant by a justice of the peace on 6 April 1964, charging that on the above date the defendant was disorderly and used profane language in the presence of two or more persons and did resist arrest, *et cetera.* The charges in the warrant were substantially in the same language as that set out in bill No. 3011, quoted hereinabove. The defendant, according to the record, made a motion for a jury trial and was ordered to appear for trial in the Recorder's Court of Martin County at Williamston, North Carolina, on 13 April 1964.

What disposition was made of these charges in the Recorder's Court does not appear in the record. Consequently, the record does not disclose how the Superior Court obtained jurisdiction thereof, if in fact it has obtained jurisdiction. However, Chapter 113 of the Session Laws of 1945, section 2, requires that in any criminal case in the Recorder's Court of Martin County, upon demand for a trial by jury by the defendant or the prosecuting attorney representing the State, the recorder shall transfer such case to the Superior Court of Martin County for trial.

Therefore, in the interest of justice and to prevent undue delay in disposing of the defendant's challenge to the validity of the respective counts in bill No. 3011, we hold that both counts in this bill are fatally defective.

We held in the case of *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d 140, that a warrant charging that defendant unlawfully and wilfully violated the laws of North Carolina "by disorderly conduct by using profane and indecent language," is insufficient to charge the statutory crime denounced by G.S. 14-197, which reads as follows: "If any person shall, on any public road or highway and in the hearing of two or more persons, in a loud and boisterous manner, use indecent or profane language, he shall be guilty of a misdemeanor and upon conviction shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days."

In the *Thorne* case we said the warrant was defective in that "(it) omits at least three elements of the statutory offense. It fails to state that the defendant used indecent or profane language (1) on a public

road or highway, or (2) in the hearing of two or more persons, or (3) in a loud and boisterous manner." The bill of indictment in the instant case does not allege that the defendant used indecent or profane language on a public road or highway, nor that such language was made in a loud and boisterous manner.

Likewise, the second count in this bill of indictment, which purports to charge the offense of resisting an officer, is fatally defective and the State so concedes. A warrant or bill of indictment charging a violation of G.S. 14-223 must identify the officer by name and indicate the official duty he was discharging or attempting to discharge, and should point out, in a general way at least, the manner in which the defendant is charged with having resisted, delayed, or obstructed such officer. *S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774. See also *S. v. Dunston,* 256 N.C. 203, 123 S.E. 2d 480; *S. v. Stonestreet,* 243 N.C. 28, 89 S.E. 2d 734; *S. v. Harvey,* 242 N.C. 111, 86 S.E. 2d 793; *S. v. Scott,* 241 N.C. 178, 84 S.E. 2d 654; *S. v. Jenkins,* 238 N.C. 396, 77 S.E. 2d 796; *S. v. Raynor,* 235 N.C. 184, 69 S.E. 2d 155.

The judgments entered on the verdicts based on the counts in bill of indictment No. 3011 are arrested.

On 15 April 1964, Roscoe Everett caused a warrant to be issued for the arrest of the defendant on the charge of trespass. The language used in the warrant charging the defendant with trespass was substantially the same as the language contained in bill No. 3091, set out hereinabove.

The justice of the peace who issued the warrant stated that hearing was waived, and entered an order requiring the defendant to appear for trial in the Recorder's Court of Martin County at Williamston, North Carolina, on the 4th day of May 1964. There is nothing in the record to indicate that the defendant demanded a jury trial in this case. Nor does the record disclose how this case reached the Superior Court.

The defendant has filed a petition for writ of *certiorari* in the event judgment is not arrested in any one of these bills of indictment.

Petition is allowed as to the verdict and judgment imposed pursuant to the charge of trespass contained in bill No. 3091. The case on appeal is to be served on the solicitor and docketed in this Court in ample time to be heard at this Term.

The solicitor may procure proper bills on purported charges in bill No. 3011, if and when the Superior Court obtains jurisdiction, if so advised.

Judgment is arrested on the verdicts based on counts in Bill No. 3011.

Petition for *certiorari* allowed in the trespass case, bill No. 3091.