### STATE v. RONALD FRED MANESS.

(Filed 28 April, 1965.)

**1. Criminal Law § 99—**

Where the State introduces evidence tending to establish each essential element of the offense charged, the fact that defendant introduces evidence at variance therewith cannot justify nonsuit.

**2. Criminal Law § 154—**

An assignment of error not supported by an exception will not be considered.

**3. Arrest and Bail § 0—**

The failure of a warrant for resisting arrest to aver, even in a general way, the manner in which defendant resisted or obstructed the officer, is fatal.

APPEAL by defendant from *Burgwyn, E.J.,* November 1964 Special Session of RANDOLPH.

Defendant was tried in the Recorder's Court of Randolph County on a warrant containing two counts, charging (1) he "unlawfully and wilfully made an assault on one C. R. Joyce, by striking him with his fist, and kicking him in his private parts," and (2) did "unlawfully

and wilfully resist, delay, and obstruct a public officer, to wit C. R. Joyce a duly qualified Deputy Sheriff of Randolph County, while he the said C. R. Joyce was attempting to discharge and discharging a duty of his office, to wit attempting to make an arrest on the said Ronald Maness, in violation of G.S. 14-223." The Recorder found defendant guilty on each charge. Prison sentence was imposed. Defendant appealed to the Superior Court. Trial was had there on the warrant. The jury found defendant guilty as charged. Prison sentence of 30 days was imposed on the first count, and six months on the second count. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*
*H. F. Seawell, Jr., for defendant appellant.*

PER CURIAM. Defendant assigns as error the court's refusal to allow his motion to nonsuit. C. R. Joyce testified: "As I approached Econo Service Station someone whistled loud and I pulled into the station between the gas tank and the station itself. I saw Maness come walking toward my car. He pulled off his coat and threw it on the ground and walked up to the car and I saw he was drinking some and he told me he was going to whip me and I told him the best thing he could do was to go home and stay out of trouble. He shoved me back against the car."

Defendant's denial of guilt, and his testimony painting a picture at variance with the State's evidence, did not entitle him to a judgment of nonsuit. The court properly submitted the question of guilt of an assault to the jury.

The assignment of error asserting failure to adequately define "assault" is not supported by an exception. This failure is fatal. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118.

The second count charging a violation of G.S. 14-223 is, as the Attorney General admits, fatally defective because of the failure to allege essential facts. *State v. Fenner,* 263 N.C. 694, 140 S.E. 2d 349.

The judgment imposing a prison sentence on the insufficient charge of resisting an officer is arrested. *State v. Banks,* 263 N.C. 784, 140 S.E. 2d 318.

On the charge of assault. No error.

On the charge of resisting an officer. Judgment arrested.