STATE v. EDDIE DOFICH WIGGS, ALIAS EDDIE DARSETT.

(Filed 1 March, 1967.)

**1. Indictment and Warrant § 14;    Criminal Law § 121—**

By pleading not guilty to warrants in a court having jurisdiction of the offenses charged, defendant waives defects, if any, incident to the authority of the person who issued the warrants, both in regard to a motion to quash and in regard to a motion in arrest of judgment.

**2. Criminal Law § 100—**

Where no motion for compulsory nonsuit is made in regard to a charge contained in a warrant and no prayer for special instruction, the question of the sufficiency of the evidence to support conviction under the warrant cannot be raised for the first time after verdict.

**3. Larceny § 7—**

Where the State offers no evidence tending to identify the owner of the property defendant is accused of stealing, nonsuit should be allowed.

**4. Disorderly Conduct—**

Where a warrant charging disorderly conduct does not contain any allegations, specific or general, to the effect that the prosecution was for the violation of a municipal ordinance, but the municipal ordinance is introduced in evidence and the trial proceeds as though defendant had been charged with the violation of the ordinance, nonsuit for variance must be allowed. G.S. 160-272.

**5. Arrest and Bail § 6—**

A warrant charging that defendant did unlawfully resist a named police officer while the officer was making a lawful arrest at a designated place, by fighting the officer with his hands and kicking him, is sufficient, and defendant's motion in arrest of judgment is properly denied.

**6. Assault and Battery §§ 11, 17—**

A warrant charging assault by threatening to hit the arresting officer with a "gallon glass jar" is insufficient to charge an assault with a deadly weapon, and a verdict of guilty as charged supports judgment for a simple assault only.

**7. Assault and Battery § 11—**

In a prosecution for assault with a deadly weapon the indictment or warrant must name a weapon constituting a deadly weapon *ex vi termini*,

or describe the weapon and the circumstances of its use so as to show its character as a deadly weapon.

APPEAL by defendant from *Bailey, J.*, Schedule A, August 1965 Criminal Session of WAKE, docketed and argued as No. 493 at Fall Term 1966.

The four warrants on which these prosecutions are based were issued out of the City Court of Raleigh; and defendant, after trial and conviction on said warrants in said court, appealed from the judgments there pronounced to the superior court for trial(s) *de novo.*

Three of said warrants were issued June 5, 1965, by "D. E. Wiggs, Desk Officer," to wit, warrants for "Disorderly Conduct" and "Resisting Arrest," issued on affidavit of B. B. Coats, a Raleigh Police Officer, and a warrant for "Larceny" issued on affidavit of James E. Hayes. The fourth warrant, charging "Assault with a Deadly Weapon," was issued June 6, 1965, by "E. M. Meekins, Desk Officer," on affidavit of B. B. Coats.

When the cases were called for trial in superior court, defendant, through counsel, moved that each of the warrants be quashed. Nothing in the record indicates defendant's counsel stated any ground for any of these motions. Each motion was overruled and defendant excepted. Thereupon, defendant pleaded not guilty to each charge. The four cases were consolidated for trial.

Evidence was offered by the State and by defendant.

There was evidence which, when considered in the light most favorable to the State, tended to show the following: About five o'clock on the afternoon of Saturday, June 5, 1965, while in Cottingham's Grocery Store, defendant stole a can of tomato paste of the value of fifteen cents. Hayes, the store manager, having observed defendant remove the can from a grocery cart and put it in his pocket, called the police station. Officer Coats, answering the call, was met outside the store by Hayes. Hayes observed defendant pass the cashier without paying for the can of tomato paste and so advised the officer. When defendant and his girl friend left the store, Coats saw defendant's bulging pocket (in which, according to defendant's testimony, there was a can of tomato paste) and approached defendant with a request that he be permitted to see what defendant had in his pocket. Thereupon, near an intersection of streets and in the presence of many people, defendant became boisterous, used profane language in a very loud manner and called the officer "a blue-suited S.O.B." Thereupon, Coats advised defendant he was under arrest for disorderly conduct. Defendant struggled violently "for two to five minutes" there in the street, at one time

getting Coats down on one knee. Finally defendant broke away and ran. The three warrants issued June 5, 1965, were then obtained. A search for defendant that afternoon and night was unsuccessful. The next day, Sunday, June 6th, Coats and other officers went to a house where defendant was staying. Upon their arrival, defendant went upstairs and out on the roof. Coats notified defendant of the warrants and called on him to submit to arrest and arrange bond. Defendant's response, in vile, boisterous and profane terms, was that the officers would have to come get him if they wanted him. Coats went out on the roof after defendant. As Coats approached, defendant swung at him with a glass jug several times. Coats, who was able to avoid being struck, reached defendant and scuffled with him. In the course of their struggle, Coats hit defendant and caused him to slide off the roof. Defendant fell to the ground and officers there placed him under arrest.

In each case, defendant was found guilty as charged. Judgments were pronounced as follows: (1) On the verdict of guilty of (misdemeanor) larceny as charged, judgment imposing a prison sentence of two years was pronounced. (2) On the verdict of guilty of disorderly conduct as charged, judgment imposing a prison sentence of thirty days was pronounced, this sentence to begin at the expiration of the sentence in the larceny case. (3) On the verdict of guilty of resisting arrest as charged, judgment imposing a prison sentence of two years was pronounced, this sentence to begin at the expiration of the sentence imposed in the disorderly conduct case. (4) On the verdict of guilty of assault with a deadly weapon, judgment imposing a prison sentence of two years was pronounced, this sentence to begin at the expiration of the sentence imposed in the resisting arrest case.

According to the record: "After the entry of a verdict by the jury and the pronouncement of judgment by the court, the defendant, through counsel, made a motion in arrest of judgment, a motion to set the verdict aside as against the weight of the evidence, and a motion for a new trial based on errors committed during the course of the trial. All motions were denied." Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Carl C. Churchill, Jr., for defendant appellant.*

BOBBITT, J. Defendant assigns as error the denial of the motions he made in superior court to quash the warrants.

In his brief, defendant contends his said motions should have

been granted for the reason it does not appear that the persons who issued the warrants had been designated "desk officers" by the Chief of Police of Raleigh pursuant to authority of G.S. 160-20.1 and Chapter 1093, Session Laws of 1963. The contention is without merit. Having pleaded not guilty to said warrants in the City Court of Raleigh, a court having jurisdiction of all offenses charged in said warrants, defendant waived defects, if any, incident to the authority of the person who issued the warrant. "Decisions of this Court are uniform in holding that a motion to quash the warrant or bill of indictment, if made after plea of not guilty is entered, is addressed to the discretion of the trial court. The exercise of such discretion is not reviewable on appeal." *S. v. St. Clair,* 246 N.C. 183, 186, 97 S.E. 2d 840, 842, and cases cited. See also *S. v. Furmage,* 250 N.C. 616, 620, 109 S.E. 2d 563, 566. Too, in respect of defendant's motions in arrest of judgment, such pleas waived defects, if any, incident to the authority of the person(s) who issued the warrants. *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642.

No question as to the validity of either of said statutes was raised in the superior court. Nor is their validity challenged on this appeal. Hence, we do not on this appeal consider questions relating to their validity.

"Under the rules regulating practice and procedure in criminal actions, the objection that the evidence is not sufficient to carry the case to the jury or to sustain a verdict against the accused must be raised during the trial by a motion for a compulsory nonsuit under the statute now embodied in G.S. 15-173, or by a prayer for instruction to the jury. (Citations) It cannot be raised for the first time after verdict. (Citations)." *S. v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311, and cases cited; 1 Strong, N. C. Index, Criminal Law § 100. No motion for compulsory nonsuit having been made in respect of the prosecution for "Resisting Arrest" and "Assault with a Deadly Weapon," whether the evidence was sufficient to support the convictions on the warrants containing these charges is not presented. The facts in connection with defendant's motions for nonsuit in respect of the prosecutions for "Larceny" and "Disorderly Conduct" are stated below. Separate consideration of each case is necessary to decision on this appeal.

### WARRANT FOR LARCENY.

This warrant charges that defendant "did willfully, unlawfully, and feloniously steal, take and carry away one can of tomato paste, value $ .15 cents, from Cottinghams Groc. Store, 421 S. Bloodworth St. of the value of $ .15 cents of the goods, chattels and moneys of one J. L. Cottinghams then and there being found and did then and

there receive and conceal the said property with intent to appropriate the same to his own use knowing the same to have been stolen," etc. This warrant sufficiently charges the criminal offense of misdemeanor larceny and is not vulnerable to attack by motion in arrest of judgment.

At the conclusion of the State's evidence, and again at the conclusion of all the evidence, defendant moved for judgment as in case of nonsuit on the ground there was a fatal variance between the warrant and the proof. The evidence on which the State relies relates to a can of tomato paste taken from Cottingham's Grocery Store of which Mr. Hayes was manager. We find nothing in the evidence tending to identify this store or the merchandise therein as the property of J. L. Cottingham. Hence, nonsuit on the ground asserted should have been allowed. *S. v. Stinson,* 263 N.C. 283, 139 S.E. 2d 558; *S. v. Brown,* 263 N.C. 786, 140 S.E. 2d 413. Hence, in respect of the prosecution on this warrant, the verdict and judgment are vacated; and the court's ruling in respect of nonsuit is reversed.

## WARRANT FOR DISORDERLY CONDUCT.

This warrant charges that defendant "did wilfully, maliciously and unlawfully engage in the act of disorderly conduct by cursing and swearing in a loud and boisterous manner in a public place in the city and did also then and there use vulgar and indecent language in the presence of divers persons on 400 Blk. S. Bloodworth," etc.

The State, just before resting its case, offered Section 15-17 of the Raleigh City Code, which the court admitted in evidence over defendant's objection. At the conclusion of the State's evidence, and again at the conclusion of all the evidence, defendant moved for judgment as in case of nonsuit on the ground he was not charged with a violation of any city ordinance. The motions were overruled and defendant excepted. The trial proceeded and the judge instructed the jury as if defendant had been charged with a violation of Section 15-17 of the Raleigh City Code.

Criminal prosecution for violation of a municipal ordinance cannot be maintained if the warrant or indictment on which it is based does not set out the ordinance or plead it in a manner permitted by the 1917 statute now codified as G.S. 160-272. *S. v. Burton,* 243 N.C. 277, 90 S.E. 2d 390. Decisions prior to said 1917 statute include the following: *Greensboro v. Shields,* 78 N.C. 417; *Hendersonville v. McMinn,* 82 N.C. 532; *S. v. Edens,* 85 N.C. 522; *S. v. Lunsford,* 150 N.C. 862, 64 S.E. 765. Here, the "Disorderly Conduct" warrant on which defendant was tried contains no allegation, spe-

cific or general, to the effect the prosecution was for violation of an ordinance of the City of Raleigh.

Conceding, without deciding, that defendant's conduct was such as to warrant his arrest and prosecution for violation of a Raleigh ordinance, the motion for judgment as in case of nonsuit should have been allowed on the ground defendant had not been charged with the violation of such ordinance. Hence, in respect of the prosecution on this warrant, the verdict and judgment are vacated; and the court's ruling in respect of nonsuit is reversed.

## WARRANT FOR RESISTING ARREST.

This warrant charges that defendant "did unlawfully and wilfully resist officer B. B. Coats, a Raleigh Police, while he was making a lawful arrest at 421 S. Bloodworth St. by fighting him with his hands and kicking him," etc.

G.S. 14-223 provides: "If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a misdemeanor." The only question is whether the warrant is vulnerable to defendant's motion in arrest of judgment.

In *S. v. Fenner,* 263 N.C. 694, 700, 140 S.E. 2d 349, 353, Moore, J., for the Court, summarizes the holdings in prior decisions as follows: "A warrant charging a violation of G.S. 14-223 must, in addition to formal parts, the name of accused, the date of the offense and the county or locality in which it was alleged to have been committed, (a) identify by name the person alleged to have been resisted, delayed or obstructed, and describe his official character with sufficient certainty to show that he was a public officer within the purview of the statute, (b) indicate the official duty he was discharging or attempting to discharge, and (c) state in a general way the manner in which accused resisted or delayed or obstructed such officer. *State v. Harvey,* 242 N.C. 111, 86 S.E. 2d 793; *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774; *State v. Jenkins,* 238 N.C. 396, 77 S.E. 2d 796." In *Fenner,* and also in *S. v. Taft,* 256 N.C. 441, 124 S.E. 2d 169, referred to in *Fenner,* the warrants were held sufficient. In *S. v. Maness,* 264 N.C. 358, 141 S.E. 2d 470, the count on which judgment was arrested, which purported to charge a violation of G.S. 14-223, did not state in a general way the manner in which accused resisted or delayed or obstructed such officer. In *S. v. Smith,* 262 N.C. 472, 137 S.E. 2d 819, and in *S. v. White,* 266 N.C. 361, 145 S.E. 2d 872, it was considered the indictment in *Smith* and the warrant in *White* did not sufficiently set forth the official duty the officer was discharging or attempting to discharge. The warrant under

consideration is not subject to the defects on which *Smith, Maness* and *White* are based. Rather, it is in substantial accord with the warrants upheld in *Taft* and in *Fenner*. The conclusion reached is that defendant's motion in arrest of judgment was properly denied; and that the verdict and the judgment, except as to the time the sentence will begin, should be and are upheld.

### WARRANT FOR ASSAULT WITH A DEADLY WEAPON.

This warrant charged that defendant "did willfully, maliciously and unlawfully assault the person of one B. B. Coats with a deadly weapon, to wit, a gallon glass jar by threatening to hit him with the said jar," etc.

Considering the sufficiency of an indictment for the statutory crime of felonious assault as defined in G.S. 14-32, this Court held "a certain knife" was a sufficient description of the weapon. *S. v. Randolph*, 228 N.C. 228, 45 S.E. 2d 132. Decision was based on the general rule that an indictment following substantially the language of the statute as to the essential elements of the offense meets legal requirements.

The warrant under consideration does not purport to charge a *statutory* crime. It purports to charge an aggravated assault, that is, an assault with a deadly weapon.

The requisites of an indictment or warrant charging the criminal offense of assault with a deadly weapon are set forth in 6 C.J.S., Assault and Battery § 110g(2), as follows: "In an indictment for an assault with a deadly or dangerous weapon, the dangerous or deadly character of the weapon must be averred, either in the language of the statute, or by a statement of facts from which the court can see that it necessarily was such. It is only necessary, however, to describe and charge the weapon to be deadly or dangerous where it is a weapon the ordinary name of which does not, *ex vi termini*, import its deadly or dangerous character; if it is a weapon the ordinary name of which imports its deadly or dangerous character, *ex vi termini*, it is sufficient to describe it by its name, without alleging that it was a deadly or dangerous weapon."

In *S. v. Porter*, 101 N.C. 713, 7 S.E. 902, it was held that, to sustain an indictment as sufficiently charging an assault with a deadly weapon, it must appear *from the indictment* that the weapon, *ex vi termini*, is a deadly weapon, or that the description of the weapon and the circumstances of its use are sufficient to show its character as a deadly weapon. Smith, C.J., for the Court, said: "The present indictment manifestly falls short of this requirement, for while called a deadly weapon it is designated simply as a stick,

with no description of its size, weight or other qualities or properties from which it can be seen to be a deadly or dangerous implement, calculated in its use to put in peril life or inflict great physical injury upon the assailed." True, there are borderline cases, such as *S. v. Phillips*, 104 N.C. 786, 10 S.E. 463, in which an indictment charging as assault "upon one W. R. Butler, with a *certain deadly weapon*, to wit, *with a club*," etc., was held sufficient. Even so, the authority of *S. v. Porter, supra*, was recognized; and, based on cited definitions, Avery, J., for the Court, concluded that the word "club" meant "not only a large, but a heavy stick," suitable for use as an offensive weapon.

We are constrained to hold that a warrant charging an assault upon a named person with "a gallon glass jar by threatening to hit him with the said jar" does not sufficiently charge an assault with a deadly weapon to support a verdict and judgment for that offense. It contains no allegations as to the manner of defendant's use of the "gallon glass jar" other than the general allegation that defendant was *threatening* to hit the person alleged to have been assaulted with said jar.

Obviously, the warrant was sufficient to charge an unlawful assault. Although the court below instructed the jury as to circumstances under which they might return a verdict of guilty of simple assault, they returned a verdict of guilty *as charged*.

Under the circumstances, the verdict of guilty as charged must be considered a verdict of guilty of simple assault. Hence, the judgment is vacated; and the cause is remanded for pronouncement of a new judgment based on a conviction of simple assault.

Having considered all assignments of error brought forward in defendant's brief, the conclusions reached are as follows: With reference to the prosecutions for "Larceny" and "Disorderly Conduct," the verdicts and judgments are vacated; and in respect thereto the court below will enter judgments dismissing these prosecutions. With reference to the prosecution for "Resisting Arrest," the verdict and the judgment, except as to the time the sentence will begin, are not disturbed; and the case is remanded to the end that the court below shall enter a judgment specifying the time for the beginning of the sentence. With reference to the prosecution for "Assault with a Deadly Weapon," the verdict will stand as a verdict of guilty of simple assault; but the judgment pronounced thereon is vacated. The court below will pronounce a new judgment for a term not exceeding thirty days and provide therein when the sentence, if any, will begin.

Error and remanded.