STATE OF NORTH CAROLINA v. GERALD WHITE

No. 687SC424

(Filed 15 January 1969)

**1. Arrest and Bail § 6—. resisting arrest — requisites of valid indictment or warrant**

In order to charge a violation of G.S. 14-223, the warrant or indictment must identify the officer alleged to have been resisted and describe his official character with sufficient certainty to show that he is a public officer, must set forth the official duty the designated officer was discharging or attempting to discharge, and must point out, in a general way at least, the manner in which defendant is charged with having resisted or delayed or obstructed such public officer.

**2. Arrest and Bail § 6— resisting arrest — sufficiency of warrant**

Warrant charging that defendant did resist, delay and obstruct named Rocky Mount police officers in the making of a lawful arrest "by shoving said officers and refusing to go" is sufficient to charge a violation of G.S. 14-223.

**3. Criminal Law § 18; Courts § 7— determination of whether defendant appealed from recorder's court to superior court**

Where defendant was convicted in the recorder's court of the crime of resisting arrest and entered a plea of former jeopardy in the superior court on the ground that he had not appealed his recorder's court conviction, evidence that the words "Papers sent up" and "Appeal Bond $200" were written on the back of the original warrant is insufficient to support the court's finding that defendant appealed to the superior court, and the cause is remanded for a determination of whether or not defendant appealed from the recorder's court to the superior court.

APPEAL by defendant from *Morris, E.J.,* at the 13 May 1968 Special Criminal Session of NASH Superior Court.

The defendant was tried on a warrant charging substantially as

follows: That he "did resist, delay and obstruct public officers, Mullens, Carter, Simmons & Massey, Rocky Mount police officers in the discharge of their duty. G.S. 14-223, to wit: the making of a lawful arrest, by shoving said officers and refusing to go."

The evidence tended to show the following: Officers Mullens and Carter discovered a break-in at Friendly Package Store on the night of 10 February 1967 and found boot tracks in the snow leading out from the back door of the store. The officers followed the tracks which led directly to a home on Pearl Street. On being admitted into the house, they found the defendant, wearing boots with insertions in the soles identical to the tracks followed from the store. The defendant started cursing and asked what the officers were doing there. When advised that he was under arrest for breaking and entering, he announced he wasn't going anywhere and shoved the officers back when they attempted to lead him out. A struggle ensued in which four officers were needed to handcuff the defendant and overcome his resistance.

The defendant contended that he resisted only after two of the officers kicked in the back door of the house and said they didn't need a warrant when he asked to see it.

Defendant was first tried in the Rocky Mount Recorder's Court where he was found guilty and sentenced to ninety days in the Nash County Jail. The only evidence of an appeal having been taken consists of the words "Papers sent up" written on the original warrant and the words "Appeal Bond $200" at the top of the verdict and judgment. There are no minutes and no notation anywhere of a notice of appeal having been given in open court.

The State took a nol pros with leave in superior court on 30 March 1967, caused the case to be reinstated on 5 January 1968, and called it for trial on 16 May 1968. The defendant entered a plea of former jeopardy, contending that he had been convicted in recorder's court and had never appealed. The court overruled the plea, finding as a fact that the defendant had appealed.

Defendant was then tried upon the warrant, convicted by the jury, and from prison sentence imposed appealed to this court.

*Attorney General T. Wade Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*John E. Davenport and T. A. Burgess for defendant appellant.*

BRITT, J.

Defendant filed in this court, as he did in the trial court, a motion to quash and for arrest of judgment, contending that the warrant does not state sufficient facts to allege the crime of resisting arrest.

[1]  In charging a violation of G.S. 14-223, it is necessary that the warrant or indictment, in addition to other essentials, set forth the official duty the designated officer was discharging or attempting to discharge, and must point out, in a general way at least, the manner in which defendant is charged with having resisted or delayed or obstructed such public officer. It must also allege the identity of the officer alleged to have been resisted and describe his official character with sufficient certainty to show that he is a public officer. 1 Strong, N. C. Index 2d, Arrest and Bail, § 6, p. 278. *State v. Smith*, 262 N.C. 472, 137 S.E. 2d 819. The warrant in the instant case met the requirements.

[2]  The Supreme Court of North Carolina has considered numerous cases on this question and in recent years has held in several cases that the warrant or bill was insufficient. In *State v. Dunston*, 256 N.C. 203, 123 S.E. 2d 480, the bill failed to state the official act the officer was discharging at the time. In *State v. Smith, supra*, the bill failed to name the officer. In *State v. Maness*, 264 N.C. 358, 141 S.E. 2d 470, cited in defendant's brief, the warrant failed to allege substantial facts. The deficiencies pointed out in those cases are provided in the instant case. Defendant's motion to quash and for arrest of judgment filed in this court is overruled.

[3]  Defendant assigns as error the denial of his plea of former jeopardy, contending that he did not appeal from the judgment of the Rocky Mount Recorder's Court and that the superior court, therefore, lacked jurisdiction.

The State properly concedes that the superior court had no jurisdiction of this case except by appeal from the Rocky Mount Recorder's Court. Although the trial judge found that the defendant "noted an appeal" from the judgment of the recorder's court, it appears that this finding was made solely from the words "Papers sent up" and "Appeal Bond $200" written on the back of the original warrant. The State contends that these entries were sufficient to support the finding that defendant appealed to the superior court. We do not agree. While the inference is plausible, defendant should not be jeopardized upon what is, at the most, only a likelihood

We are confronted here with the unusual, a defendant contend-

ing that he did *not* appeal from one court to another, and we are unable to find a decision of our Supreme Court directly in point. The court has considered many cases in which the defendant was attempting to sustain his appeal, usually in the Supreme Court, and a review of those cases indicates that rules and statutes governing appeals have been strictly followed.

Example of cases in which appeals from the superior court to the Supreme Court were dismissed for lack of strict compliance with the rules include *State v. Banks,* 241 N.C. 572, 86 S.E. 2d 76; *State v. Morris,* 235 N.C. 393, 70 S.E. 2d 23; *State v. Clough,* 226 N.C. 384, 38 S.E. 2d 193; and *State v. Patterson,* 222 N.C. 179, 22 S.E. 2d 267.

In the case of *Spence v. Tapscott,* 92 N.C. 577, dealing with an appeal to the Supreme Court, it is said:

"An appeal must be constituted and brought into this Court according to law. It is governed by rules of procedure, and their essential requirements must be observed. Otherwise regular authority cannot prevail. Ordinarily, it must appear in the record, with reasonable certainty, that an action or proceeding was instituted in or brought into court, from which an appeal lay; that proceedings were had, and a judgment or order given, from which an appeal lay, and that an appeal was taken from such judgment or order to this Court, in order to give it jurisdiction. This is essential to the establishment of the appellate relation between the court from whose judgment the appeal was taken and this Court. Procedure is essential to jurisdiction, as well as to the application of principle in courts of justice, and it cannot be dispensed with. It is dangerous to ignore or disregard it. * * *"

We perceive no reason why the State should be favored with a rule less stringent than that applicable to defendants. In the instant case, defendant's challenge to the jurisdiction of the superior court was timely, and he was entitled to have the question of jurisdiction properly determined.

The judgment appealed from and the verdict upon which it was predicated are vacated, and this cause is remanded to the superior court to the end that the judge will conduct a hearing to determine if defendant appealed from the recorder's court to the superior court. Should it be determined that defendant did appeal, he will be subject to retrial in the superior court; if it is determined that he did not appeal, an order should issue remanding the case to the District

Court of Nash County (as successor to the Rocky Mount Recorder's Court so far as this case is concerned) for issuance of commitment on the recorder's court judgment.

In view of the disposition of this appeal as aforesaid, it is not necessary for us to pass upon the other assignments of error asserted by the defendant.

Error and remanded.

BROCK and PARKER, JJ., concur.