STATE OF NORTH CAROLINA v. JAMES PALMER, ALIAS JAMES BURRELL

No. 769SC594

(Filed 5 January 1977)

Assault and Battery § 11— indictment — assault with "stick" — insufficient allegation of deadly weapon

>    An indictment charging that defendant assaulted a named person "with a stick, a deadly weapon, by beating him about the body and head" was insufficient to charge an assault with a deadly weapon since it does not appear from the indictment that the weapon, *ex vi termini,* was a deadly weapon and the indictment does not contain a sufficient description of the weapon and the circumstances of its use to show its character as a deadly weapon.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 11 May 1976 in Superior Court, PERSON County. Heard in the Court of Appeals 8 December 1976.

Defendant was charged in a bill of indictment which read as follows:

>    "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 13th day of June, 1975, in Person County James Palmer, alias James Burrell unlawfully and wilfully did feloniously assault Grover A. Whitfield, Sr., with a stick, a deadly weapon, by beating him about the body and head. The assault was intended to kill and resulted in serious bodily injury, in that some teeth were knocked out and face was beat very badly."

The jury returned a verdict of "guilty of assault with a deadly weapon." A sentence of two years' imprisonment was imposed.

---

State v. Palmer

---

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*James W. Tolin, Jr., for the defendant.*

BROCK, Chief Judge.

As can be seen from the verdict, defendant was acquitted of the charge of an assault with intent to kill and acquitted of the charge of an assault inflicting serious bodily injury. The remaining charge of assault with a deadly weapon was found against defendant.

Although the question was not raised by the State or the defendant, we must, upon our own initiative, take notice of the sufficiency or insufficiency of the indictment to charge an assault with a deadly weapon. We hold that the indictment is insufficient to charge an assault with a deadly weapon and that judgment must be arrested.

The stick identified at trial as the stick with which defendant struck the victim has been examined by this Court and found to be a hard wooden stick weighing two pounds and eleven ounces. It is approximately forty-three and one-fourth inches long, two inches in diameter at the club end, and one and one-half inches in diameter at the handle. Obviously it could have been described in the bill of indictment sufficiently to show its character as a deadly weapon, but this was not done. It was described as a stick. Merely labeling it a deadly weapon is not sufficient.

In *State v. Porter*, 101 N.C. 713, 7 S.E. 902 (1888), the indictment charged that the accused "did unlawfully and wilfully assault, beat and wound one Candace Porter with a deadly weapon, to wit, a certain stick, to the great damage of . . . " In *Porter* the Court held:

> "the court must be able, from an inspection of the charge, in the terms in which it is made in the indictment, to see that its jurisdiction attaches, that the weapon with which the assault was made was a deadly instrument, not merely by calling it '*deadly*,' unless by so describing it by name, or with such attending circumstances as show its character as such, and when so described the jurisdiction becomes apparent and will be exercised.

"The present indictment manifestly falls short of this requirement, for while called a deadly weapon it is designated simply as a stick, with no description of its size, weight or other qualities or properties from which it can be seen to be a deadly or dangerous implement, calculated in its use to put in peril life or inflict great physical injury upon the assailed."

In *State v. Phillips,* 104 N.C. 786, 10 S.E. 463 (1889), which has been termed by our Supreme Court as a borderline case *(see State v. Wiggs,* 269 N.C. 507 at 514), the indictment charged that the accused " . . . with a certain deadly weapon, to wit, with a club . . . " In *Phillips* the Court concluded that the word "club," *ex vi termini,* can be declared such an instrument as would probably produce death or great bodily harm when used to strike a blow.

In *State v. Wiggs,* 269 N.C. 507, 153 S.E. 2d 84 (1967), it was charged that the accused "did willfully, maliciously and unlawfully assault the person of one B. B. Coats with a deadly weapon, to wit, a gallon glass jar by threatening to hit him with the said jar." In *Wiggs* the Court held the allegation did not sufficiently charge an assault with a deadly weapon to support a verdict and judgment for that offense. In *Wiggs* the opinion referred with approval to *State v. Porter, supra,* in stating that "to sustain an indictment as sufficiently charging an assault with a deadly weapon, it must appear from the indictment that the weapon, *ex vi termini,* is a deadly weapon, or that the description of the weapon and the circumstances of its use are sufficient to show its character as a deadly weapon."

For the failure of the indictment to sufficiently charge an assault with a deadly weapon, the offense for which defendant was tried and convicted, judgment must be arrested. However, the State, if it so desires, may seek a valid warrant under G.S. 14-33(b)(1) charging defendant with assault with a deadly weapon. "Jeopardy attaches only when, *inter alia,* a defendant is tried upon a valid warrant or indictment." *State v. Jernigan,* 255 N.C. 732, 122 S.E. 2d 711 (1961). *See also* 2 Strong, N. C. Index 2d, Criminal Law, § 26, p. 522.

Judgment arrested.

Judges BRITT and MORRIS concur.