STATE OF NORTH CAROLINA v. RICHARD B. JONES

No. 7923SC62

(Filed 1 May 1979)

**Assault and Battery § 14.6— assault on officer—discharging duty of office—sufficiency of evidence**

    In this prosecution for assaulting an officer in violation of G.S. 14-33(b)(4), the evidence was sufficient to show that the officer, the chief jailer of a county jail, was discharging a duty of his office at the time of the alleged assault where it tended to show that defendant was a prisoner under the supervision and control of the officer; there was a disturbance in defendant's cell; the officer discovered that defendant was kicking on the cell door with his shoes; the officer entered the cell and removed defendant's shoes; and defendant assaulted the officer as the officer left defendant's cell.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 17 October 1978 in Superior Court, ASHE County. Heard in the Court of Appeals 5 April 1979.

Defendant was convicted of assaulting an officer, a violation of N.C.G.S. 14-33(b)(4), and appeals from a judgment of imprisonment. We find no error in the trial.

The warrant charges defendant with assaulting Jim Johnson, custodial officer of the Ashe County jail, on 20 August 1978, while the officer was discharging a duty of his office in checking on the condition of defendant after he had been locked up on a charge of public drunkenness.

The evidence showed that defendant was arrested on a charge of public drunkenness and placed in the custody of Jim Johnson, Chief Jailer with the Ashe County Sheriff's Department. After defendant was placed in the cell, noise from it became so loud the officers could not hear or transmit over the radio or telephone. Twice Officer Johnson went back to check on defendant and found him kicking on the steel door with his shoes. He tried to get the defendant to be quiet but each time the noise continued.

Finally, officer Johnson with officer Parsons went into defendant's cell and asked him for his shoes. Defendant refused and the officers removed his shoes. As Johnson turned his back on defendant to leave the cell, defendant grabbed him and they

fell to the floor. Johnson got away from defendant and the officers left the cell. Officer Johnson was not injured, nor his uniform damaged, but it was soiled in the encounter.

Defendant's evidence was essentially the same, except he denied grabbing, hitting, or assaulting the officer in any way.

*Attorney General Edmisten, by Associate Attorney T. Michael Todd, for the State.*

*William F. Lopp for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant argues the court erred in overruling his motion for nonsuit at the close of the State's evidence, contending the evidence failed to show officer Johnson was discharging a duty of his office at the time of the alleged assault. Defendant cites *State v. Smith,* 262 N.C. 472, 137 S.E. 2d 819 (1964), and *State v. Mink,* 18 N.C. App. 346, 196 S.E. 2d 552 (1973). In each of these cases, the challenge was to the validity of the warrant rather than the sufficiency of the evidence. The warrants totally failed to allege the duty the officer was discharging at the time in question and, therefore, were insufficient. Here, the warrant does allege that officer Johnson, as the Chief Jailer, was checking on the condition of defendant who was in custody for public drunkenness. Defendant Jones did not move to quash the warrant or move in arrest of judgment.

The sheriff has the care and custody of the jail in his county and shall appoint the keeper thereof. N.C. Gen. Stat. 162-22. The office of sheriff is constitutional, N.C. Const. art. VII, § 2, while the right of the sheriff to appoint deputies is a common law right, and the deputy is coeval in point of antiquity with the sheriff. *Lanier v. Greenville,* 174 N.C. 311, 93 S.E. 850 (1917). The position of jailer is one of common law origin and has existed from time immemorial. *Gowens v. Alamance County,* 216 N.C. 107, 3 S.E. 2d 339 (1939). The duties of the jailer are those prescribed by statute and those recognized at common law. The Chief Jailer of Ashe County is a public officer. He has charge of the jail premises and the prisoners. As Chief Jailer, Johnson had the duty to investigate or "check" on the prisoners in his charge, and any disturbance on the premises. "Check" is defined as "an examina-

State v. Jones

tion, etc. to determine if something is as it should be." Webster's New World Dictionary, Second College Edition 1974, at 242. The defendant was a prisoner under the supervision and control of officer Johnson; there was a disturbance involving prisoner Jones; the jailer had a duty of his office to investigate or "check" on this condition; he did so, and the assault occurred during this process.

There was sufficient evidence to overcome the motion for nonsuit.

In defendant's trial we find

No error.

Judges VAUGHN and ERWIN concur.