STATE OF NORTH CAROLINA v. ANTHONY WALLER

No. 783SC214

(Filed 11 July 1978)

1. **Assault and Battery § 11.3— assault on police officer—allegations required in warrant**

    A warrant charging a violation of G.S. 14-33(b)(4) is sufficient if it alleges only in general terms that the officer was discharging or attempting to discharge a duty of his office at the time the assault occurred without alleging specifically exactly what that duty was, and the decision in *State v. Mink*, 18 N.C. App. 346, to the contrary is overruled.

2. **Assault and Battery § 14; Arrest and Bail § 6— arrest of defendant—assault on officers—arrest constitutional and legal—no nonsuit of assault charges**

    Where a probation officer had probable cause to believe that defendant had violated a condition of probation, the officer's arrest of defendant was constitutional, and the warrantless arrest was also legal, since G.S. 15-200 and -205, read together, give a probation officer the authority to arrest a probationer under his supervision for violations of conditions of probation without a warrant or other written document; therefore, the trial court properly denied defendant's motion for nonsuit on assault charges, since defendant's contention that he was entitled to resist the officers with reasonable force because his arrest was both unconstitutional and illegal was without merit.

    Chief Judge BROCK and Judge MORRIS concur in overruling *State v. Mink*, 18 N.C. App. 346.

APPEAL by defendant from *Small, Judge.* Judgments entered 10 November 1977 in Superior Court, PITT County. Heard in the Court of Appeals 26 June 1978.

Defendant was tried on his pleas of not guilty to charges of assaulting William R. Bonar, a probation-parole officer, and G. W. Williams, a police officer, while they were discharging or attempting to discharge duties of their offices, in violation of G.S. 14-33(b)(4). After conviction in the district court, defendant appealed and was tried de novo in the superior court.

The State presented evidence to show that defendant was on probation under the supervision of his probation officer, William R. Bonar. On 27 July 1977, Bonar decided to arrest defendant for violating conditions of probation after discovering that defendant had failed to make any periodic payments on his indebtedness for court costs as required by the terms of his probation. Bonar requested and obtained the assistance of Officer Williams in making

the arrest. The two men went to defendant's house where Bonar made the arrest. While the officers were driving back to the magistrate's office, defendant, sitting in the back seat of the police car, became abusive. He began cursing the officers and threatened to kill both of them when he got out of jail. Defendant then took off his belt, wrapped it around his hand with the metal buckle exposed, and struck Bonar and Williams on their heads. Officer Williams stopped the car as Bonar attempted to subdue defendant with Mace. Defendant was handcuffed and taken to the magistrate's office. Neither officer was injured, and neither officer struck defendant.

Defendant presented evidence contradicting that of the State and tending to show that Bonar and Williams beat the defendant on his back and shoulders with a blackjack and with defendant's belt.

The trial judge granted defendant's motions for nonsuit as to the principal charges and submitted to the jury only the lesser offenses of simple assault. The jury found defendant guilty on both charges of simple assault. From judgments of imprisonment, defendant appeals.

*Attorney General Edmisten by Associate Attorney T. Michael Todd for the State.*

*Robert L. White for defendant appellant.*

PARKER, Judge.

Defendant first assigns error to the denial of his motions to quash the warrants upon which he was tried. He contends that the warrants were insufficient to charge a violation of G.S. 14-33(b)(4) because they failed to allege the specific duties which the officers were discharging or attempting to discharge at the time of the assaults. The short answer to this contention is that defendant was not convicted on charges of violating G.S. 14-33(b)(4). The judge dismissed the charges against him under that section and submitted the cases to the jury only on the lesser included charges of simple assault under G.S. 14-33(a). As to those charges the allegations of the warrants were clearly sufficient.

[1] By pointing out that defendant was convicted only on charges of simple assault under G.S. 14-33(a) which were fully supported by the allegations of the warrants, we in no way intend to imply that the warrants in this case were deficient in charging violations of G.S. 14-33(b)(4). That section makes a separate offense of an assault on a law enforcement officer "while the officer is discharging or attempting to discharge a duty of his office." The warrants in the present case did allege that at the time of the assaults the officers were discharging or attempting to discharge duties of their office. For the reasons hereinafter stated, this was sufficient to charge violations of G.S. 14-33(b)(4) without further specifying the particular duty which the officers were discharging or attempting to discharge at the time of the assaults.

A related offense to that described in G.S. 14-33(b)(4) is found at G.S. 14-223. For a warrant to charge a defendant with resisting, delaying, or obstructing an officer in discharging or attempting to discharge a duty of his office in violation of G.S. 14-223, the warrant must indicate the official duty the officer was discharging or attempting to discharge. *State v. Wiggs*, 269 N.C. 507, 153 S.E. 2d 84 (1967); *State v. Smith*, 262 N.C. 472, 137 S.E. 2d 819 (1964). However, there is a distinction between the offenses of resisting an officer under G.S. 14-223 and assault on an officer under G.S. 14-33(b)(4).

> In the offense of resisting an officer, the *resisting* of the public officer in the *performance* of some duty is the primary conduct proscribed by that statute and the particular duty that the officer is performing while being resisted is of paramount importance and is very material to the preparation of the defendant's defense, while in the offense of assaulting a public officer in the performance of some duty, the *assault* on the officer is the primary conduct proscribed by the statute and the particular duty that the officer is performing while being assaulted is of secondary importance.

*State v. Kirby*, 15 N.C. App. 480, 488, 190 S.E. 2d 320, 325, *appeal dismissed*, 281 N.C. 761, 191 S.E. 2d 363 (1972). Based upon the above reasoning, this Court in *Kirby* concluded that the warrant in that case was sufficient to charge the offense of assaulting an officer, even without an allegation of the particular duty the of-

ficer was discharging or attempting to discharge at the time of the offense.

In *State v. Mink*, 18 N.C. App. 346, 196 S.E. 2d 552 (1973) a panel of this Court composed of Brock, Judge (now Chief Judge), and Judges Morris and Parker failed to recognize the distinction drawn in *State v. Kirby, supra*, between the offense proscribed by G.S. 14-33(b)(4) and the offense proscribed by G.S. 14-223. As a result of failure to recognize this distinction, this Court in *State v. Mink, supra*, applied the same requirement for specificity of allegation concerning the particular duty the officer was performing or attempting to perform to a charge of violating G.S. 14-33(b)(4) as is required for a charge of violating G.S. 14-223. We now express our agreement with the reasoning in *Kirby* and therefore reaffirm that decision. An assault upon an officer while he is discharging or attempting to discharge a duty of his office is an offense punishable under G.S. 14-33(b)(4), regardless of its effects or intended effects upon the officer's performance of his duties. The particular duty the officer was performing when assaulted is not of primary importance, it only being essential that the officer was "performing or attempting to perform *any* duty of his office." *State v. Kirby, supra* at 488, 190 S.E. 2d at 325. Our decision in *State v. Mink, supra*, to the contrary is overruled, and defendant's first assignment of error is overruled.

Although we hold that a warrant charging a violation of G.S. 14-33(b)(4) is sufficient if it alleges only in general terms that the officer was discharging or attempting to discharge a duty of his office at the time the assault occurred, without alleging specifically exactly what that duty was, we caution that to sustain a conviction of violating that statute it is still necessary, of course, that the State present evidence and that the jury find under appropriate instructions from the court that the officer was discharging or attempting to discharge *some* duty of his office when the defendant assaulted him.

[2] Defendant's second assignment of error is directed to the trial judge's denial of his motions for nonsuit. He contends that he was entitled to resist the officers with reasonable force because the evidence shows that his arrest was both unconstitutional and illegal. We disagree. The State presented sufficient evidence to show that the arrest was both constitutionally and legally valid.

Whether an arrrest is legal or illegal, it is constitutionally valid if the officer has probable cause to make the arrest. *State v. Eubanks,* 283 N.C. 556, 196 S.E. 2d 706 (1973). In the present case, the probation officer testified that one condition of defendant's probation was that he pay fifteen dollars per week on his court costs. However, when the probation officer conducted a check of defendant's "court indebtedness," he discovered that the "court indebtedness was not being paid, as we decided on earlier in June." This evidence was clearly sufficient to show that the probation officer had probable cause to believe that defendant had violated a condition of probation.

We next consider defendant's contention that the arrest was illegal because the probation officer made the arrest without a warrant. G.S. 15-205 specifically gives a probation officer the power to arrest in the execution of his duties. In addition, any other officer with the power of arrest may arrest a probationer without a warrant if he has a "written statement signed by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation." G.S. 15-200 (subsequently amended and recodified at G.S. 15A-1345, effective 1 July 1978). As a matter of sound policy, a probation officer may often elect to follow this procedure and have another law enforcement officer perform the actual arrest in order for the probation officer to properly maintain his role as advisor to the probationer. *See* Clarke, *Probation and Parole in North Carolina: Revocation Procedure and Related Issues,* 13 Wake Forest L. Rev. 5 (1977). However, if a simple conclusory statement from the probation officer, containing no factual allegations, is sufficient to permit another officer to arrest a probationer without a warrant, then it is reasonable to conclude that G.S. 15-200 and -205, read together, give the probation officer the authority to arrest a probationer under his supervision for violations of conditions of probation without a warrant or other written document. The trial judge properly denied defendant's motions for nonsuit.

There was also no error in the trial judge's rulings denying defendant's motions in arrest of judgment and for a new trial.

In defendant's trial and in the judgments entered, we find

No error.

In re Duke Power Co.

Judges CLARK and ERWIN concur.

Brock, Chief Judge, and Morris, Judge, join in this opinion for the purpose of expressing their concurrence in overruling the holding in *State v. Mink, supra.*