State v. Dudley

---

STATE OF NORTH CAROLINA v. RONALD ERNEST DUDLEY

No. 7920SC769

(Filed 19 February 1980)

**Assault and Battery § 11.3; Indictment and Warrant § 17— obstructing officer in discharging duty—duty officer was performing—variance in charge and proof**

In a prosecution of defendant for obstructing an officer in the performance of his duty there was a fatal variance between the charge and proof where the warrant alleged that defendant shoved an officer while he was conducting a search of a residence, but the evidence tended to show that the officer whom defendant pushed was not engaged in conducting the search but was merely present at the scene.

Judge MARTIN (Robert M.) dissenting.

APPEAL by defendant from *Seay, Judge.* Judgment entered 26 June 1979 in Superior Court, UNION County. Heard in the Court of Appeals 16 January 1980.

Defendant was convicted of obstructing an officer in the performance of his duty, a violation of G.S. 14-223. Defendant was sentenced to a term of six months in the Union County jail. His sentence was suspended on condition that defendant assent to placement on probation for two years and payment of a fine of $100.00.

The warrant charges defendant with resisting, delaying, and obstructing Curtis Rollins, a Deputy Sheriff of Union County. The warrant alleged that defendant shoved Rollins with his hands while Rollins was discharging a duty of his office—conducting a search of the residence of William R. Dudley and Donna Strawn for stolen property.

The evidence shows that on the night of 1 February 1979, Deputy Sheriff Joe Moore of Union County went to the Union County residence of Donna Strawn and William Dudley to look for plastic signs stolen from the Union County Courthouse. He made two initial visits without a search warrant, one at 10:00 p.m. and another at 2:00 a.m. the next morning. He was refused entry on these visits. He then obtained a warrant and at about 2:25 a.m., returned to the residence with seven other deputies. A search was conducted. Defendant was seated in a room in which Moore was searching. As the search progressed, defendant stated that

he was leaving and stood up in preparation to exit. Moore told him to remain seated. As defendant approached the door, he pushed Officer Curtis Rollins who was standing in the exit. Defendant was then arrested. Moore testified that he found one small sign which did not come from the Union County Courthouse. Rollins testified under cross-examination that at the time of the incident, he was not engaged in the search, nor directing it, but was there because he was the supervisor of the night shift.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General William Woodward Webb, for the State.*

*Ronald Williams for the defendant appellant.*

WELLS, Judge.

There is a fatal variance between the charge and the evidence. The warrant charging the offense proscribed under G.S. 14-223 must set forth in particular the duty the officer is performing or attempting to perform. *State v. Wiggs,* 269 N.C. 507, 153 S.E. 2d 84 (1967). *Accord, State v. Waller,* 37 N.C. App. 133, 245 S.E. 2d 808 (1978) (holding that although the duty must be stated for violations of G.S. 14-223, this requirement need not be met for violations of G.S. 14-33(a)).

The warrant charges that defendant "did . . . resist, delay and obstruct Curtis Rollins . . . [a]t the time said officer was discharging and attempting to discharge a duty of his office, to wit; conducting a search of the residence of William R. Dudley and Donna Strawn for stolen property." As the state's evidence clearly showed, Lt. Rollins was not engaged in conducting the search. His mere presence at the scene — standing in the door — does not show that he was engaged in the search then being conducted. It is the resisting or obstructing of an officer *in the performance of some duty* which is the gravamen of the offense charged in G.S. 14-223. *State v. Kirby,* 15 N.C. App. 480, 190 S.E. 2d 320 (1972), *appeal dismissed,* 281 N.C. 761, 191 S.E. 2d 363 (1972).

Vacated.

Judge ERWIN concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

In this case, seven officers went to the residence of William R. Dudley and Donna Strawn to conduct a search pursuant to a search warrant. Joe Moore, the officer in charge of the search, testified that Lt. Rollins was present at the search "to keep watch over the house, to watch the front door, to make sure nobody did leave while we were searching." The purpose of Lt. Rollins' presence at the search is pursuant to G.S. 15A-256 which, as Officer Moore was aware, allows an officer executing a warrant directing a search of premises not generally open to the public to "detain any person present for such time as is reasonably necessary to execute the [search] warrant." Hence, detaining a party during a search is part and parcel of the search process and Lt. Rollins was an important member of the law enforcement team engaged in conducting a search.

There is no fatal variance between the charge which states that the officer was "discharging and attempting to discharge a duty of his office, to wit: conducting a search" and the proof showing Lt. Rollins' participation in the component activities constituting a search. Furthermore, the proof shows that Lt. Rollins was obstructed in discharging that duty. When defendant, contrary to instructions to remain seated on the couch, rose, approached the door in an attempt to leave and pushed Lt. Rollins, he obstructed, hindered, impeded Lt. Rollins in the performance of his duties. *See State v. Leigh*, 278 N.C. 243, 179 S.E. 2d 708 (1971).

For the foregoing reasons, I respectfully dissent.