STATE OF NORTH CAROLINA v. ISAAC H. REYNOLDS

No. COA02-1510

(Filed 7 October 2003)

**1. Homicide— second-degree murder—failure to instruct on lesser-included charge of involuntary manslaughter**

The trial court erred in a second-degree murder case by failing to instruct the jury on involuntary manslaughter and the case is remanded for a new trial, because: (1) where the circumstances as described by defendant suggest that the victim was unintentionally killed with a deadly weapon during a physical struggle with defendant, the trial court should charge the jury on the offense of involuntary manslaughter; and (2) defendant in this case testified that he attempted to knock a loaded and cocked gun from the victim's hand, providing evidence from which a jury could find culpable negligence.

**2. Homicide— short-form murder indictment— constitutionality**

The use of a short-form murder indictment is constitutional and authorized by N.C.G.S. § 15-144.

STATE v. REYNOLDS

[160 N.C. App. 579 (2003)]

Appeal by defendant from judgment entered 4 February 2002 by Judge Charles C. Lamm, Jr., in Alexander County Superior Court. Heard in the Court of Appeals 10 September 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Joyce S. Rutledge, for the State.*

*Russell J. Hollers III for defendant appellant.*

TIMMONS-GOODSON, Judge.

Isaac H. Reynolds ("defendant") appeals his conviction of the second degree murder of Heather Morgan ("Morgan"). For the reasons stated herein, we vacate defendant's conviction and remand the case for a new trial.

The State's evidence at trial tended to show the following. Defendant supplied Morgan with pain pills, alcohol, marijuana and crack. A month prior to Morgan's death, Morgan expressed her fear of defendant to numerous friends, family members, and co-workers. On at least one occasion, Morgan told her cousin that she believed defendant would kill her. On the day of Morgan's death, Morgan informed defendant that she would not accompany him on a trip. As she attempted to exit defendant's trailer, defendant shot Morgan in the chest.

Defendant's evidence at trial tended to show that Morgan pointed a gun at defendant and "cocked it." When defendant tried to knock the gun away, a "scuffle" ensued and the gun discharged into Morgan's chest, killing her.

At the close of the evidence, the trial court instructed the jury on the crimes of first degree murder, second degree murder, and voluntary manslaughter. The trial court further instructed on self-defense and accident. Defendant's request for an instruction on involuntary manslaughter was denied.

Defendant brings forth three assignments of error on appeal. Defendant argues that the trial court erred when it failed to: (1) instruct the jury on the offense of involuntary manslaughter; (2) strike a juror for cause; and (3) dismiss the case based on the State's use of the "short-form" murder indictment.

[1] The dispositive issue on appeal is whether the trial court erred by failing to instruct the jury on involuntary manslaughter where

STATE v. REYNOLDS

[160 N.C. App. 579 (2003)]

defendant's evidence supported the instruction. We hold that the trial court committed error when it failed to so instruct the jury. Thus, we vacate defendant's conviction and remand the case for a new trial. As such, we do not address the merits of defendant's second assignment of error. Defendant's third assignment of error is without merit for the reasons addressed below.

The trial court must give a requested instruction, at least in substance, if a defendant requests it and the instruction is correct in law and supported by the evidence. *State v. Lamb*, 321 N.C. 633, 644, 365 S.E.2d 600, 605 (1988). In determining whether the evidence supports an instruction requested by a defendant, the evidence must be interpreted in the light most favorable to him. *State v. Ataei-Kachuei*, 68 N.C. App. 209, 212, 314 S.E.2d 751, 753 (1984). The trial judge making the decision must focus on the sufficiency of the evidence, not the credibility of the evidence. *Id.* Failure to give the requested instruction where required is a reversible error. *Ataei-Kachuei*, 68 N.C. App. at 214, 314 S.E.2d at 754.

Our Supreme Court has defined involuntary manslaughter as "the unlawful and unintentional killing of another human being, without malice, which proximately results from an unlawful act not amounting to a felony . . . or from an act or omission constituting culpable negligence." *State v. Wallace*, 309 N.C. 141, 145, 305 S.E.2d 548, 551 (1983). Culpable negligence is defined as an act or omission suggesting a disregard for human rights and safety. *State v. Wilkerson*, 295 N.C. 559, 580, 247 S.E.2d 905, 917 (1978); *State v. Tidwell*, 112 N.C. App. 770, 774, 436 S.E.2d 922, 925 (1993).

There is no evidence that defendant killed Morgan while engaged in an unlawful act not amounting to a felony. Thus, to support an involuntary manslaughter instruction, defendant must present evidence that Morgan's death was the result of culpable negligence. *Tidwell*, 112 N.C. App. at 774, 436 S.E.2d at 925. The only evidence from which culpable negligence could be found was defendant's testimony that he knocked a "cocked" and loaded gun from Morgan's hand and struggled with her for control of the gun. Thus, we must decide whether such acts can constitute culpable negligence.

Our courts have addressed similar circumstances in at least two previous cases. In *State v. Wallace*, the State's evidence tended to show that the defendant shot his girlfriend, the decedent, in her home after she asked him to leave. 309 N.C. at 142, 305 S.E.2d at 550. The defendant testified that the decedent verbally threatened him and

started for a gun. *Wallace*, 309 N.C. at 143, 305 S.E.2d at 550. Defendant further testified that he grabbed the gun from decedent's hand and, while attempting to throw it across the room, the gun discharged into decedent, killing her. *Id.* At trial, the court refused defendant's request for an involuntary manslaughter instruction. *Wallace*, 309 N.C. at 145, 305 S.E.2d at 551. The jury was charged on second degree murder, voluntary manslaughter, self-defense and accident. *Id.* After the jury convicted the defendant of second degree murder, defendant appealed, arguing that the trial court erred when it failed to instruct the jury on involuntary manslaughter. *Id.* Our Supreme Court concluded that based on the defendant's testimony, the trial court was required to provide an involuntary manslaughter jury instruction. *Wallace*, 309 N.C. at 145-49, 305 S.E.2d at 551-54.

In a more recent Court of Appeals decision, *State v. Tidwell*, the State's evidence tended to show that the defendant reached for a gun in an attempt to prevent the decedent from committing suicide, but during the struggle, the gun discharged and killed decedent. 112 N.C. App. at 774-75, 436 S.E.2d at 925. The defendant's request for an involuntary manslaughter jury instruction was denied. *Tidwell*, 112 N.C. App. at 774, 436 S.E.2d at 925. On appeal to this Court, we concluded that the trial court's failure to provide the requested involuntary manslaughter jury instruction was prejudicial error. *Tidwell*, 112 N.C. App. at 776, 436 S.E.2d at 927. Where the circumstances as described by the defendant suggest "that the victim was unintentionally killed with a deadly weapon during a physical struggle with the defendant, the trial court should charge the jury on the offense of involuntary manslaughter." *Tidwell*, 112 N.C. App. at 775, 436 S.E.2d at 926.

Defendant testified that he attempted to knock a loaded and "cocked" gun from Morgan's hand, which is similar behavior to that alleged in *Wallace*. 309 N.C. at 143, 305 S.E.2d at 550. Defendant further testified that he began to "scuffle" with Morgan for control of the gun, alleging similar behavior as that in *Tidwell*. 112 N.C. App. at 775, 436 S.E.2d at 925. Based on *Wallace* and *Tidwell*, this Court concludes that there was sufficient evidence presented from which a jury could find culpable negligence. Thus, defendant's evidence regarding Morgan's unintentional death required the trial court to instruct the jury on involuntary manslaughter.

In light of the prejudicial error by the trial court, we hold defendant is entitled to a new trial.

**[2]** Defendant's third assignment of error argues that the State's use of the "short-form" murder indictment denied defendant the due process, equal protection, notice and fair trial rights guaranteed him by the United States Constitution and the North Carolina Constitution. However, defendant acknowledged that the short-form murder indictment is authorized by N.C. Gen. Stat. § 15-144 (2001). We further note that the constitutionality of the short-form murder indictment has been upheld by the North Carolina Supreme Court. *State v. Braxton*, 352 N.C. 158, 531 S.E.2d 428 (2000); *State v. Wallace*, 351 N.C. 481, 528 S.E.2d 326 (2000). Thus, we hold accordingly.

Vacate and Remand for New Trial.

Judges HUDSON and ELMORE concur.