STATE OF NORTH CAROLINA v. JYREE DOMINIC NOEL

No. COA09-784

(Filed 2 March 2010)

**1. Assault— on a government official—spitting—evidence sufficient**

The evidence, taken in the light most favorable to the State, was sufficient for the trial court to deny defendant's motion to dismiss charges of assault on a government official where an officer testified that defendant had spat upon him.

**2. Indictment and Information— variance—essential element of offense not involved**

There was no fatal variance between the evidence and indictments for assault on a government official and malicious conduct by a prisoner where the handcuffed defendant spat upon an officer. The duty being performed is not an essential element of either assaulting a government official or malicious conduct by a prisoner, unlike assaulting an officer in the performance of a duty.

**3. Assault— on a government official—spitting—knowing and willful**

The conduct and statements of defendant prior to and during an encounter with an officer supported a conclusion that defendant acted knowingly and willfully when he spat on the officer.

**4. Prisons and Prisoners— malicious conduct by prisoner—evidence of custody sufficient**

In a prosecution for malicious conduct by a prisoner, there was sufficient evidence to allow a jury to conclude that defendant would have believed that he was not free to leave at the time of the encounter with the officer, and thus that he was in custody.

**5. Indictment and Information— malicious conduct by prisoner—notice of charges sufficient**

An indictment for malicious conduct by a prisoner was sufficiently precise to fully apprise defendant of the charges against him.

Appeal by Defendant from judgment entered 11 February 2009 by Judge Benjamin G. Alford in Onslow County Superior Court. Heard in the Court of Appeals 18 November 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General E. Burke Haywood, for the State.*

*Richard E. Jester for Defendant.*

STEPHENS, Judge.

## I. Procedural History

Defendant Jyree Dominic Noel was tried before a jury on charges of (1) assault on a government official, (2) malicious conduct by a prisoner, (3) resisting, obstructing, and delaying an officer, and (4) littering. Upon motion by Defendant at the close of the State's evidence, the trial court dismissed the charges of resisting, obstructing, and delaying an officer, and littering. Defendant's motion to dismiss the remaining charges at the close of all the evidence was denied. The jury found Defendant guilty of assault on a government official and malicious conduct by a prisoner. Defendant admitted his status as an habitual felon. The trial court entered judgment upon the jury verdict, sentencing Defendant to a term of 80 to 105 months in prison. From this judgment, Defendant appeals.

## II. Factual Background

Relevant to the issues before this Court, the State's evidence tended to show the following: On 7 November 2008, Defendant was a passenger in a vehicle being driven by Tony Gary, Jr. Mr. Gary attempted to evade officers of the Jacksonville Police Department

who were seeking to stop the vehicle. During the pursuit, officers observed plastic bags being thrown from the vehicle into the river below. When officers succeeded in stopping the vehicle, Mr. Gary resisted arrest. Consequently, Officer Kim Carnes "issued him two taser shots to get him to comply with being taken into custody."

Officer Marc Holden testified that when the vehicle was stopped, he ran around to the passenger side. When he got there, he saw Defendant being removed from the vehicle by two officers, and refusing to keep his hands up. Defendant was handcuffed and placed sitting on the curb by the two officers, who did not testify. During this time, Defendant was belligerent and cursing at the officers.

Officer Kevin Doyle testified that Defendant was being "very belligerent, yelling at us, telling us we didn't have nothing on him, telling us, 'f—k you[,]' just continuously being very belligerent in his mannerisms."

Officer John Ervin testified that after taking Mr. Gary into custody, Officer Ervin approached Defendant, who at that time was handcuffed and sitting on the curb, to ask Defendant what had been thrown from the vehicle. As Officer Ervin approached Defendant, Defendant said, " 'F—k you, n——r. I ain't got nothing. You ain't got nothing on me.' " Before Officer Ervin was able to ask any questions, Defendant "spit and it struck me on my right leg, and I reflexed and I punched him in the jaw." Officer Ervin then walked away.

### III.  Discussion

### A.  Motion to Dismiss

Defendant first argues that the trial court erred in denying Defendant's motion to dismiss the charges of assault on a government official and malicious conduct by a defendant in custody. We disagree.

On appeal of a trial court's denial of a motion to dismiss for insufficient evidence, this Court considers "whether substantial evidence exists as to each essential element of the offense charged and of the defendant being the perpetrator of that offense." *State v. Glover*, 156 N.C. App. 139, 142, 575 S.E.2d 835, 837 (2003) (citing *State v. Barden*, 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003)). " 'The existence of substantial evidence is a question of law for the trial court, which must determine whether there is relevant evidence that a reasonable mind might

accept as adequate to support a conclusion.' " *Id.* (quoting *Barden*, 356 N.C. at 351, 572 S.E.2d at 131). In determining the existence of substantial evidence, "[t]he court must 'consider the evidence in the light most favorable to the State, take it to be true, and give the State the benefit of every reasonable inference to be drawn therefrom.' " *Id.* (quoting *State v. Martin*, 309 N.C. 465, 480, 308 S.E.2d 277, 286 (1983)).

The essential elements of a charge of assault on a government official are: (1) an assault (2) on a government official (3) in the actual or attempted discharge of his duties. *State v. Crouse*, 169 N.C. App. 382, 387, 610 S.E.2d 454, 458, *disc. review denied*, 359 N.C. 637, 616 S.E.2d 923 (2005); N.C. Gen. Stat. § 14-33(c)(4) (2007). The essential elements of a charge of malicious conduct by a prisoner are:

(1) the defendant threw, emitted, or caused to be used as a projectile a bodily fluid or excrement at the victim;

(2) the victim was a State or local government employee;

(3) the victim was in the performance of his or her State or local government duties at the time the fluid or excrement was released;

(4) the defendant acted knowingly and willfully; and

(5) the defendant was in the custody of . . . any law enforcement officer . . . .

*State v. Robertson*, 161 N.C. App. 288, 292-93, 587 S.E.2d 902, 905 (2003); N.C. Gen. Stat. § 14-258.4(a) (2007). A charge of malicious conduct by a prisoner need not include an assault and, thus, a charge of assault on a law enforcement officer may not necessarily be a lesser-included offense of a charge of malicious conduct by a prisoner. In the case *sub judice*, however, the charge of malicious conduct by a prisoner contains all the elements of the charge of assault on a government official as "bespattering a law enforcement official with bodily fluids . . . certainly includes an assault[.]" *Crouse*, 169 N.C. App. at 387, 610 S.E.2d at 458.

### 1. Emission of a Bodily Fluid/Assault

**[1]** First, Defendant argues that Officer Ervin's "many statements about the spitting incident do not establish that [Defendant] spit a bodily fluid on him." We disagree.

Officer Ervin testified regarding "the spitting incident" as follows: Officer Ervin approached Defendant to ask Defendant what had been

thrown out of the car window. Defendant was sitting on the curb with his hands behind his back in handcuffs and his legs in front of him with his knees up. Officer Ervin stood "directly in front of" Defendant. Officer Ervin testified that Defendant "spit and it struck me on my right leg[.]" Officer Ervin "seen it when he spit on me[,]" and testified that "it landed on my pants leg . . . [b]etween my knee and my ankle."

Defendant argues that "there should be far more proof than one officer's statement and unfounded conclusion as to what a substance is[,]" and hypothesizes that "[a] drop of water could have splashed on the officer" since the arrest occurred next to a river. However, "consider[ing] the evidence in the light most favorable to the State, tak[ing] it to be true, and giv[ing] the State the benefit of every reasonable inference to be drawn therefrom[,]" *Martin*, 309 N.C. at 480, 308 S.E.2d at 286, we conclude that Officer Ervin's testimony was sufficient to allow a reasonable inference that Defendant "emitted . . . a bodily fluid[,]" *Robertson*, 161 N.C. App. at 292, 587 S.E.2d at 905, onto Officer Ervin and, thus, assaulted Officer Ervin. Defendant's argument is overruled.

## 2. Performance of Governmental Duties

**[2]** Defendant next argues that the State offered insufficient evidence that Officer Ervin was taking Defendant into custody for littering, as alleged in the indictments. Defendant asserts that there was a fatal variance between the charges as alleged in the indictments and the evidence adduced at trial, which tended to show that "[i]f Officer Ervin was performing any duty, it was interrogation."

Defendant further asserts that indictments charging a person with assault on a government official under N.C. Gen. Stat. § 14-33(c)(4) and malicious conduct by a prisoner under N.C. Gen. Stat. § 14-258.4 must meet the same requirements as one charging a person with the offense of resisting, delaying, or obstructing an officer under N.C. Gen. Stat. § 14-223. We disagree.

N.C. Gen. Stat. § 14-223 states that "[i]f any person shall willfully and unlawfully resist, delay[,] or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a Class 2 misdemeanor." N.C. Gen. Stat. § 14-223 (2007). It is well established that "[a]n indictment fails under N.C. Gen. Stat. § 14-223 if it does not describe the duty the named officer was discharging or attempting to discharge." *State v. Ellis*, 168 N.C. App. 651, 655, 608 S.E.2d 803, 806 (2005). This is required because

[i]n the offense of resisting an officer, the *resisting* of the public officer in the *performance* of some duty is the primary conduct proscribed by that statute and the particular duty that the officer is performing while being resisted is of paramount importance and is very material to the preparation of the defendant's defense[.]

*State v. Kirby*, 15 N.C. App. 480, 488, 190 S.E.2d 320, 325, *appeal dismissed*, 281 N.C. 761, 191 S.E.2d 363 (1972).

However, in the offense of assaulting a government official, " 'the *assault* on the officer is the primary conduct proscribed by the statute and the particular duty that the officer is performing while being assaulted is of secondary importance.' " *State v. Waller*, 37 N.C. App. 133, 135, 245 S.E.2d 808, 810 (1978) (quoting *Kirby*, 15 N.C. App. at 488, 190 S.E.2d at 325). Accordingly, the specific duty the officer was performing while being assaulted is not an essential element of assault on a government official, as defined in N.C. Gen. Stat. § 14-33(c)(4), and is not required to be set out in the indictment. *See id.* (warrants charging defendant with assault on a government official and alleging that the officers were discharging or attempting to discharge duties of their office were sufficient without further specifying the particular duty which the officers were discharging or attempting to discharge at the time of the assaults).

Likewise, in the offense of malicious conduct by a prisoner, the malicious conduct toward the officer is the primary conduct proscribed by the statute, and the particular duty that the officer is performing at the time of the offense is of secondary importance. Accordingly, the specific duty the officer was performing at the time of the offense is not an essential element of malicious conduct by a prisoner, as defined in N.C. Gen. Stat. § 14-258.4, and is not required to be set out in the indictment. In this respect, the offense of malicious conduct by a prisoner is comparable to the offense of fleeing to elude arrest. *See State v. Teel*, 180 N.C. App. 446, 449, 637 S.E.2d 288, 290 (2006) ("[T]he offense of fleeing to elude arrest is not dependent upon the *specific* duty the officer was performing at the time of the offense. Therefore, the specific duty the officer was performing . . . is not an essential element of the offense . . . and was not required to be set out in the indictment.").

In this case, the indictments charged, *inter alia*:

[Defendant] unlawfully and willfully did assault and strike Detective J.L. Ervin, a government officer . . . by spitting on

Detective Ervin. At the time of the. offense the officer was attempting to discharge the following duty of that employment: taking the [D]efendant into custody for littering.

[Defendant] knowingly, while in custody of a law enforcement officer . . . [did] emit and cause to be used as a projectile a bodily fluid, spittle, sputum, or phlegm at Detective J.L. Ervin, an employee of a local government . . . while the employee was in the performance of the employee's duties, taking the defendant into custody for littering.

The evidence adduced at trial tended to show that Officer Ervin was interrogating Defendant when Defendant spit on him. We agree there is variance between the allegations in the indictment and the proof offered, but the variance is not material. The indictments alleged that Officer Ervin was performing his duties as a government employee. Proof was offered to support the material allegation that Officer Ervin was performing a government duty when he was spit upon. The additional allegation as to the exact duty being performed by Officer Ervin was surplusage and must be disregarded. *See State v. Rogers*, 273 N.C. 208, 213, 159 S.E.2d 525, 529 (1968) ("The indictment charged the essential elements of the crime of armed robbery. Proof was offered to support the material allegations. The additional allegations as to ownership of the property were surplusage and must be disregarded.").[1] Accordingly, as there was no fatal variance between the indictments and the proof adduced at trial, and there was sufficient evidence that Officer Ervin was performing a government duty at the time of the offense, Defendant's argument is overruled.

### 3. Knowingly and Willfully

[3] Defendant next challenges the sufficiency of the evidence to support a finding that Defendant acted knowingly and willfully when he spit on Officer Ervin.

Whether a defendant acted knowingly and willfully may be inferred from the circumstances. *Crouse*, 169 N.C. App. at 389, 610 S.E.2d at 459. "Knowledge is a mental state and may be proved by the conduct and statements of the defendant, by statements made to him by others, by evidence of reputation which it may be inferred had

---

1. Although *Rogers* was overruled by *State v. Hurst*, 320 N.C. 589, 359 S.E.2d 776 (1987), on grounds irrelevant to the case *sub judice*, *Hurst* was subsequently overruled by *State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988), reinstating the law in *Rogers*.

come to his attention, and by circumstantial evidence from which an inference of knowledge might reasonably be drawn." *State v. Boone*, 310 N.C. 284, 294-95, 311 S.E.2d 552, 559 (1984). "Likewise, the willfulness of a defendant's conduct may be inferred from the circumstances surrounding the crime." *Crouse*, 169 N.C. App. at 389, 610 S.E.2d at 459.

In this case, Defendant was uncooperative with the law enforcement officers, refusing to keep his hands up, as officers removed him from the vehicle. While Defendant was sitting on the curb in handcuffs, Defendant was "belligerent and cussing at the officers." As Officer Ervin approached Defendant, and immediately before Defendant spit on him, Defendant said, "F—k you, n———r. I ain't got nothing. You ain't got nothing on me." We conclude that the conduct and statements of Defendant prior to and during the encounter with Officer Ervin supports a conclusion that Defendant acted knowingly and willfully when he spit on Officer Ervin. Defendant's argument is without merit.

### 4. In Custody

**[4]** Defendant additionally argues that the State offered insufficient evidence that Defendant was in custody within the meaning of N.C. Gen. Stat. § 14-258.4 at the time of the encounter.

The standard for determining whether a defendant is in custody for purposes of N.C. Gen. Stat. § 14-258.4 is whether, " 'in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *State v. Ellis*, 168 N.C. App. 651, 658, 608 S.E.2d 803, 808 (2005) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554, 64 L. Ed. 2d 497, 509, *reh'g denied*, 448 U.S. 908, 65 L. Ed. 2d 1138 (1980)).

The evidence presented in this case tends to show that Defendant was "extricated from the vehicle and refusing to give up his hands[.]" After "struggling to get [Defendant's] arms" out from underneath Defendant, officers put Defendant's arms behind his back and handcuffed him. Officers then sat Defendant down on the curb. Officer Holden testified that there were numerous uniformed officers, including himself, at the scene. When asked if Defendant was free to leave, Officer Holden replied, "No, he was not." Officer Ervin likewise testified that Defendant "was not free to leave, due to the extent of the investigation for the vehicle chase and checking the vehicle for other contraband or weapons that may have been in there."

This evidence is sufficient to allow a jury to conclude that Defendant would have believed he was not free to leave the scene and, thus, to conclude that Defendant was in custody at the time of the encounter. *See id.* at 659, 608 S.E.2d at 808-09 (holding the defendant was in custody when officers chased and verbally and physically subdued defendant). Defendant's argument is overruled.

### B. Indictment

[5] Defendant next argues that the trial court lacked jurisdiction because the indictment charging malicious conduct by a prisoner was insufficiently precise to fully apprise Defendant of the charges against him. Specifically, Defendant argues that the indictment is inherently inconsistent as it alleges that Defendant spat on Officer Ervin "while in custody of a law enforcement officer" while also alleging that Defendant spat on Officer Ervin while Officer Ervin was "taking the [D]efendant into custody for littering[.]" Defendant contends that this "circular conundrum" causes the indictment to fail. We disagree.

"The purpose of a bill of indictment is to put a defendant on such notice that he is reasonably certain of the crime of which he is accused." *State v. McGriff*, 151 N.C. App. 631, 634, 566 S.E.2d 776, 778 (2002). "An indictment is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense." *Id.* (citation and quotation marks omitted). "In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense." *State v. Blackmon*, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46, *cert. denied*, 349 N.C. 531, 526 S.E.2d 470 (1998). "It is also generally true that an indictment need only allege the ultimate facts constituting the elements of the criminal offense and that evidentiary matters need not be alleged." *Id.*

The applicable statute in this case provides:

Any person in the custody of . . . any law enforcement officer . . . who knowingly and willfully throws, emits, or causes to be used as a projectile, bodily fluids or excrement at a person who is an employee of the State or a local government while the employee is in the performance of the employee's duties is guilty of a Class F felony.

N.C. Gen. Stat. § 14-258.4(a). The indictment in this case charges as follows:

[Defendant] unlawfully, willfully and feloniously did knowingly, while in custody of a law enforcement officer, Detective J.L. Ervin of Jacksonville Police Department, emit and cause to be used as a projectile a bodily fluid, spittle, sputum, or phlegm at Detective J.L. Ervin, an employee of a local government, City of Jacksonville, North Carolina, while the employee was in the performance of the employee's duties, taking the defendant into custody for littering.

The indictment in this case charges the offense in the language of N.C. Gen. Stat. § 14-258.4 and alleges the ultimate facts constituting the elements of the criminal offense. Furthermore, as discussed *supra*, the additional allegation as to the exact duty being performed by Officer Ervin was mere surplusage and must be disregarded. *See Rogers*, 273 N.C. at 213, 159 S.E.2d at 529.

We hold that the indictment, which was properly couched in the language of N.C. Gen. Stat. § 14-258.4, was sufficient to identify the offense of malicious conduct by a prisoner; to protect Defendant from double jeopardy; to enable Defendant to prepare for trial and present a defense; and to support the judgment in this case. Accordingly, we overrule this assignment of error. Defendant received a fair trial, free of error.

NO ERROR.

Judges McGEE and STEELMAN concur.