**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1346**

———————

TERESA BREWER LAMONDS,

　　　　　　Plaintiff - Appellant,

　　　　v.

J. T. PIERCE, In his official capacity as an officer with
the Candor, North Carolina Police Department,

　　　　　　Defendant - Appellee.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:09-cv-00962-CCE-LPA)

———————

Submitted:  November 27, 2013　　　Decided:  January 6, 2014

———————

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Duane K. Bryant, LAW OFFICES OF DUANE BRYANT, High Point, North
Carolina, for Appellant.　Dan M. Hartzog, Kari R. Johnson,
CRANFILL, SUMNER & HARTZOG, LLP, Raleigh, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theresa Brewer Lamonds appeals the district court's order granting summary judgment in favor of Sergeant J. T. Pierce and dismissing her state law malicious prosecution claim and her excessive force claim brought under 42 U.S.C. § 1983 (2006). Finding no error, we affirm.

We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Lamonds first contends that the district court erred in granting summary judgment in Sergeant Pierce's favor on her malicious prosecution claim. To prove a malicious prosecution claim in North Carolina, a plaintiff must establish: "(1) defendant initiated the earlier proceeding; (2) malice on the part of defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff." Best v. Duke Univ., 448 S.E.2d 506, 510 (N.C. 1994). Here, the dispute is over whether Sergeant Pierce had probable cause to charge Lamonds with disorderly conduct for an

2

incident at the town hall[*] and for assault on a government official.

We conclude that, considering the facts and circumstances underlying each charge that were known to Sergeant Pierce at the time, the district court did not err in finding that, as a matter of law, Sergeant Pierce had probable cause to bring the charges against Lamonds. See Best, 448 S.E.2d at 510 ("Whether probable cause exists is a mixed question of law and fact, but where the facts are admitted or established, the existence of probable cause is a question of law for the court."); Martin v. Parker, 563 S.E.2d 216, 218 (N.C. Ct. App. 2002) (discussing probable cause); see also N.C. Gen. Stat. § 14-288.4(a)(2) (2011) (defining crime of disorderly conduct); State v. Noel, 690 S.E.2d 10, 13 (N.C. Ct. App. 2010) (enumerating elements of assault on a government official); State v. Mitchell, 592 S.E.2d 543, 547 (N.C. 2004) (defining criminal assault). Thus, we affirm the district court's grant of summary judgment in Sergeant Pierce's favor on Lamonds' malicious prosecution claim.

Turning to the excessive force claim, Lamonds asserts that her Fourth Amendment rights were violated as the result of

---

[*] Lamonds was charged with two counts of disorderly conduct for her actions on the day in question; however, Sergeant Pierce brought only one of those charges against her.

an official policy or custom of the municipality or the police department. However, she names neither the town nor the police chief as a defendant. Thus, this claim must fail.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED