IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-907

No. COA22-241

Filed 29 December 2022

Mecklenburg County, Nos. 16 CRS 243537, 17 CRS 010088

STATE OF NORTH CAROLINA

v.

QUENCY ANDRE MCVAY, Defendant.

Appeal by Defendant from judgment entered 15 July 2021 by Judge Lisa C. Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 6 September 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Milind K. Dongre, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for defendant-appellant.*

MURPHY, Judge.

Defendant Quency Andre McVay argues the trial court erred by denying his motion to dismiss for insufficiency of evidence and by denying Defendant's jury instruction request. As we explain in further detail below, the trial court did not err in denying Defendant's motion to dismiss, and Defendant's jury instruction request was not preserved for our review.

**BACKGROUND**

On 21 November 2016, Officer Calvin Davis of the Charlotte-Mecklenburg Police Department was parked at an intersection in his patrol car and received a call from a dispatcher to be on the lookout for a "[w]hite sedan . . . possibly a Honda" driven by a black male with a black female passenger because the driver had shot into another vehicle. This information was based upon a prior call to the 911 operator. The caller indicated "a young African American" driving a "white or a white silver Nissan" had shot at his car. Shortly after receiving the dispatch call, at about 10:00 p.m., Davis observed a "white sedan moving at a high rate of speed" drive through a stop sign and pass his parked vehicle.

Davis began to follow the white sedan, which continued at a high rate of speed, and saw it drive through several more stop signs. At this point, Davis initiated his blue lights and siren, but the white sedan continued to drive at a high rate of speed and Davis gave chase. Two more officers joined the pursuit, and they chased the white sedan for approximately ten minutes through residential areas at speeds ranging from 55 to 90 miles per hour. The white sedan eventually was blocked by, and stopped in front of, a stopped train at a railroad crossing. Defendant showed his hands out the window of the sedan and yelled that "the only reason [he was] running is because [he is] wanted by the U.S. Marshals." Defendant and the female passenger, Jami Landis, exited the vehicle and were arrested.

On 5 December 2016, a Mecklenburg County Grand Jury indicted Defendant

for felonious speeding to elude arrest, discharging a firearm into a vehicle in operation, and possession of a firearm by a felon. The indictment stated that Defendant was "fleeing and attempting to elude a law enforcement officer" and Davis was "in the lawful performance of [his] duties, arresting the suspect for [an] outstanding warrant and discharging [a] weapon into an occupied vehicle." On 10 April 2017, Defendant was also indicted for attaining habitual felon status. The separate indictments were joined for trial at the 5 March 2018 Criminal Session of Mecklenburg County Superior Court, the Honorable Lisa C. Bell presiding. At trial, Defendant moved to dismiss the charges for insufficient evidence, arguing that there was no evidence to suggest that the officers were attempting to arrest Defendant for his outstanding warrants or properly discharging their duties, nor evidence that Defendant was found in possession of a firearm. The trial court granted Defendant's motion as to the outstanding warrants and denied the rest of the motion.

¶ 5    At the charge conference, Defense Counsel orally requested that the jury be instructed that the specific duty that Davis was performing was to arrest Defendant for discharging a firearm into an occupied vehicle. The State objected and requested that the trial court use only the pattern jury instruction verbiage. The trial court sustained the State's objection and instructed the jury that, to satisfy the duty element of the offense, it must find "[D]efendant was fleeing and/or attempting to elude law enforcement officers who were in their lawful performance of their duty."

The jury found Defendant guilty of felonious speeding to elude arrest and attaining habitual felon status.

¶ 6       Defendant was not present for part of the trial beginning on 8 March 2018 and was not present for the verdict. As a result, the trial court entered a prayer for judgment continued. On 29 July 2019, in accordance with N.C.G.S. § 15A-932(a)(1), the State dismissed the charges against Defendant, with leave to reinstate them at a later time, because the prosecutor believed he could not be readily found. Defendant was later located, and, on or about 28 June 2021, the charges were reinstated in accordance with N.C.G.S. § 15A-932(d). N.C.G.S. § 15A-932(d) (2021). On 15 July 2021, judgment was entered on the jury verdict and the trial court sentenced Defendant to an active term of imprisonment of 90 to 120 months. Defendant timely appeals.

## ANALYSIS

¶ 7       On appeal, Defendant argues (A) "the trial court erred by denying the motion to dismiss when there was insufficient evidence that Officer Davis was lawfully performing his duties when attempting to stop [Defendant]"; and (B) "the trial court erred by denying [Defendant's] request to instruct the jury on the duty the officer was performing at the time he attempted to stop [Defendant]."

### A. Defendant's Motion to Dismiss

¶ 8       On appeal, Defendant argues that, because the arrest was warrantless and not

supported by probable cause to arrest based on the surviving theory in the indictment, Davis was not lawfully performing his duties. Specifically, Defendant contends that, per the language of the indictment, Davis arrested Defendant for discharging a weapon into an occupied vehicle. Defendant cites *State v. Thompson*, 281 N.C. App. 291, 2022-NCCOA-6, ¶ 19, to assert that whether the officer was lawfully performing his duties depends on what the State alleges in the indictment. As Davis received only a generic description of the white sedan and its drivers and identified neither Defendant nor Landis before pursuing them, Defendant argues the facts and circumstances were not such that would "warrant a prudent man" to believe Defendant had shot into an occupied vehicle. Without this requisite belief, Davis did not have probable cause to conduct the warrantless arrest and, in turn, was not lawfully performing his duties when Defendant failed to stop his vehicle.

¶ 9        The State argues that the indictment's allegation of Defendant discharging a weapon goes beyond the essential elements of the crime charged (speeding to elude arrest), and therefore may be treated as surplusage immaterial to the question of guilt. Citing *State v. Noel*, 202 N.C. App. 715, *disc. rev. denied*, 364 N.C. 246 (2010), the State contends that it was not required to prove Davis was "arresting [Defendant] for . . . discharging [a] weapon into an occupied vehicle"; rather, the State was required only to present evidence that "tended to show Officer Davis had been performing *some* lawful duty when [Defendant] fled him." *See Noel*, 202 N.C. App. at

720-21. The State asserts that Davis was lawfully authorized to pursue Defendant and issue a citation when he witnessed Defendant commit a traffic infraction and that the authority "escalated to an imperative" when Defendant began to drive through the city at dangerous speeds. The State contends that the trial court's denial of the motion to dismiss was proper.

¶ 10 "The denial of a motion to dismiss for insufficient evidence is a question of law, . . . which this Court reviews *de novo*." *State v. Bagley*, 183 N.C. App. 514, 522 (2007) (citing *State v. Vause*, 328 N.C. 231, 236 (1991); *Shepard v. Ocwen Fed. Bank, FSB*, 172 N.C. App. 475, 478 (2005)). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Shepard*, 172 N.C. App. at 478 (citation omitted). "Taking the evidence in the light most favorable to the State, if the [R]ecord here discloses substantial evidence of all material elements constituting the offense for which the accused was tried, then this court must affirm the trial court's ruling on the motion." *State v. Stephens*, 244 N.C. 380, 383 (1956).

¶ 11 "To survive a motion to dismiss, the State must offer substantial evidence of each essential element of the offense and substantial evidence that [the] defendant is the perpetrator." *State v. Lee*, 348 N.C. 474, 488 (1998) (citation omitted). "Substantial evidence is evidence from which any rational trier of fact could find the fact to be proved beyond a reasonable doubt." *State v. Sumpter*, 318 N.C. 102, 108

(1986) (citations omitted). Under N.C.G.S. § 20-141.5(a), "[t]he essential elements of . . . speeding to elude arrest . . . are: (1) operating a motor vehicle (2) on a street, highway, or public vehicular area (3) while fleeing or attempting to elude a law enforcement officer (4) who is in the lawful performance of his duties." *State v. Mulder*, 233 N.C. App. 82, 89 (2014) (citing N.C.G.S. § 20-141.5(a)).

¶ 12          As Defendant's arrest was warrantless, Defendant is correct in asserting that the arrest must have been supported by probable cause. Under N.C.G.S. § 15A-401(b)(1), "[a]n officer may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense . . . in the officer's presence." N.C.G.S. § 15A-401(b)(1) (2021). "An arrest is *constitutionally* valid whenever there exists probable cause to make it." *State v. Chadwick*, 149 N.C. App. 200, 202, *disc. rev. denied*, 355 N.C. 752 (2002) (citation and marks omitted). "'Probable cause for an arrest has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a [prudent] man in believing the accused to be guilty[.]'" *State v. Zuniga*, 312 N.C. 251, 259 (1984) (quoting *State v. Shore*, 285 N.C. 328, 335 (1974)). In *Zuniga*, our Supreme Court provided, "[t]o establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith." *Zuniga*, 312 N.C. at 259 (citation and marks omitted); *see also Thompson*, 2022-NCCOA-6 at ¶ 17 (citation and marks omitted)

("[P]robable cause does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required. A probability of illegal activity, rather than a prima facie showing of [it], is sufficient."). However, Defendant's next assertion—that Davis needed and lacked the indicted theory of probable cause—is not persuasive.

¶ 13     When an indictment includes the essential elements of a crime being charged, those "[a]llegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage." *State v. Birdsong*, 325 N.C. 418, 422 (1989) (citation and marks omitted). In *State v. Teel*, the defendant was arrested for and convicted of fleeing to elude arrest and reckless driving. *State v. Teel*, 180 N.C. App. 446, 447 (2006). In that case, the indictment did not specifically describe the lawful duties the officers were performing at the time of the defendant's flight. *Id.* at 448. We considered whether the trial court erred when it "denied [the] defendant's motion to dismiss the charge of [] fleeing to elude arrest because the indictment did not describe the lawful duties the officers were performing at the time of [the] defendant's flight." *Id.* at 447-48. In holding that the trial court did not err, we provided:

> [T]he offense of fleeing to elude arrest is not dependent
> upon the *specific* duty the officer was performing at the
> time of the arrest. Therefore, [it] is not an essential

element of the offense of fleeing to elude arrest, as defined
in [N.C.G.S.] § 20-141.5, and [is] not required to be set out
in the indictment.

*Id.* at 449.

¶ 14　　　The facts of *Teel* parallel the present case. Defendant was arrested after
fleeing to elude arrest and was indicted for that offense. The indictment set out that
Davis arrested Defendant for "discharging [a] weapon into an occupied vehicle"; but,
per *Teel*, the specific duty that Davis was performing at the time of arrest was not an
essential element of fleeing to elude arrest and was not required to be stated in the
indictment. *Id.* The State is correct that "specification of the officer's duty is
surplusage that is immaterial to the question of guilt" and therefore "provides no
basis for reversing [Defendant's] conviction." *State v. Rankin*, 371 N.C. 885, 889
(2018).

¶ 15　　　Per N.C.G.S. § 20-518(b)(1), it is unlawful for a driver to fail to fully stop at an
intersection with a stop sign. *See* N.C.G.S. § 20-518(b)(1) (2021). Davis witnessed
Defendant drive through such a juncture without stopping. Under the facts and
circumstances known to Davis, he had objective probable cause to believe Defendant
had committed a traffic infraction. It was within his purview to follow and stop
Defendant and issue a citation. *See State v. Philips*, 149 N.C. App. 310, 316, *appeal
dismissed*, 355 N.C. 499 (2002) (quoting N.C.G.S. § 15A-302(b)) ("[An] officer 'may
issue a citation to any person who he has probable cause to believe has committed a

misdemeanor or infraction.'"). Moreover, per N.C.G.S. §§ 20-140(b) and (d), one is guilty of reckless driving if he drives a vehicle in such a way that likely endangers other people or property. *See* N.C.G.S. §§ 20-140(b), (d) (2021). Davis pursued Defendant, who drove through stop signs at speeds of up to 90 miles per hour in residential zones, likely endangering other persons. Considering the facts and circumstances known to Davis, we conclude that he had probable cause to believe Defendant was committing a crime—specifically, reckless driving—and it was within Davis's authority to make a warrantless arrest. *See Philips*, 149 N.C. App. at 316 (quoting N.C.G.S. § 15A-401(b)(1) (1999)).

¶ 16 The State presented substantial evidence that Davis had probable cause to arrest Defendant for fleeing to evade arrest and was engaged in the "lawful performance of his duties" under N.C.G.S. § 20-141.5(a). The indictment provided that Defendant was "fleeing and attempting to elude a law enforcement officer[,]" and Davis was in the "lawful performance of his duties[.]" The indictment contained the essential elements of the crime charged under N.C.G.S. § 20-141.5(b).[1] *See Birdsong*, 325 N.C. at 422. Per *Teel*, Davis's arrest of Defendant for shooting at an unoccupied vehicle was surplusage and therefore immaterial to the question of Defendant's guilt.

---

[1] We note that Defendant was indicted pursuant to N.C.G.S. § 20-141.5(b), which provides that a violation under N.C.G.S. § 20-141.5(a) shall be a Class H Felony if two or more enumerated factors were present at the time of the violation. N.C.G.S. § 20-141.5(b) (2021).

*Teel*, 180 N.C. App. at 449.

¶ 17 In his reply brief, Defendant contends that, while *Teel* may excuse the State from alleging the specific duty Davis was performing in the indictment, per *State v. Silas*, 360 N.C. 377 (2006), Defendant's reliance on allegations set out in the indictment (specifically, that Davis arrested Defendant for shooting into an unoccupied vehicle) prejudiced Defendant. In *Silas*, the trial court allowed the State to orally amend the indictment by changing the alleged intended felony to conform to the evidence at trial. *Silas*, 360 N.C. 377. Our Supreme Court held, "[t]here is no requirement that an indictment . . . contain specific allegations of the intended felony[.] . . . However, if an indictment does specifically allege the intended felony, . . . allegations may not be amended." *Id.* at 383. Citing this holding, Defendant asserts that, although the indictment included language that may not be necessary for a valid indictment, the State is bound by that language because Defendant relied on it as the State's theory of the case and formulated his defense around it. But here, unlike in *Silas*, nothing in the Record demonstrates that the State requested, or the trial court allowed, the indictment to be amended to conform to the evidence at trial.

¶ 18 In *State v. Noel*, which was decided four years after *Silas*, we held that immaterial variance between the allegations in an indictment and the evidence offered will not constitute fatal variance. *Noel*, 202 N.C. App. at 721. In that case, the evidence supported the material allegation that the officer was performing his

legal duties as a government employee at the time of arresting the defendant, and the additional allegation as to the exact duty being performed was surplusage which must be disregarded. *Id.* (citation and marks omitted) ("The indictment charged the essential elements of the crime . . . . Proof was offered to support the material allegation . . . . The additional allegation . . . [was] surplusage and must be disregarded."). As such, the variance between the additional allegation in the indictment and the proof offered was immaterial. *Id.*

¶ 19     As in *Noel*, in this case the indictment's allegation of shooting at an unoccupied vehicle was mere surplusage, and the evidence offered supported the allegation that Davis was performing his legal duties when he arrested Defendant. As surplusage, the additional allegation must be disregarded, and the State is not required to prove it. Defendant was not prejudiced by relying on the indictment, and the trial court did not err in denying his motion to dismiss.

## B. Defendant's Requested Instruction

¶ 20     Defendant argues that Davis did not have probable cause to arrest Defendant for shooting into an occupied vehicle, and as such he was not lawfully performing his duties in attempting to stop Defendant. Defendant contends that the trial court's erroneous denial of the requested instruction was prejudicial and requires a new trial.

¶ 21     "Where a defendant has properly preserved [his] challenge to jury instructions, an appellate court reviews the trial court's decisions regarding jury instructions de

novo." *State v. Richardson*, 270 N.C. App. 149, 152 (2020) (citation omitted). "An instruction about a material matter must be based on sufficient evidence." *State v. Osorio*, 196 N.C. App. 458, 466 (2009 (citation omitted). "Failure to give the requested instruction where required is a reversible error." *State v. Reynolds*, 160 N.C. App. 579, 581 (2003) (citation omitted), *disc. rev. denied*, 358 N.C. 548 (2004). "Failure to charge on a subordinate—not a substantive—feature of a trial is not reversible error in the absence of request for such instruction." *State v. Hunt*, 283 N.C. 617, 623 (1973) (citation and marks omitted).

¶ 22     Upon a party's request of a charge instruction on a subordinate matter of the trial, the trial court's failure to charge on that matter may constitute reversible error. *See Hunt*, 283 N.C. at 623. "A request for a . . . deviation from the pattern jury instruction [would] qualify as a special instruction and would [need] to be submitted to the trial court in writing." *State v. Brichikov*, 281 N.C. App. 408, 2022-NCCOA-33, ¶ 17 (citing *State v. McNeill*, 346 N.C. 233, 240 (1997) ("We note initially that [the] defendant's proposed [deviation from the pattern] instructions were tantamount to a request for special instructions.")), *aff'd on other grounds*, 2022-NCSC-140. "[A] trial court's ruling denying requested special instructions is not error where the defendant fails to submit his request for instructions in writing." *Id.* (citation and marks omitted); *see State v. Starr*, 209 N.C. App. 106, 113 (citation and marks omitted) ("[W]here . . . [the] [d]efendant fail[ed] to submit his request for instructions

in writing, the trial court's ruling denying [the] requested instructions is not error . . . ."), *aff'd as modified*, 365 N.C. 314 (2011).

¶ 23        Defendant did not submit in writing a request for instructions regarding the specific duty Davis was performing; Defendant requested orally that this specific instruction be included. Per *Brichikov* and *McNeil*, this request was for a special instruction; and, because it was not submitted in writing, this issue was not preserved for our review.

¶ 24        If an instructional issue is unpreserved in a criminal case, we may review the trial court's decision for plain error, but only if "the defendant [] *specifically and distinctly contend*[*s*] that the alleged error constitutes plain error." *See State v. Lawrence*, 365 N.C. 506, 516 (2012) (emphasis added) (citations and marks omitted). Defendant did not "specifically and distinctly" allege plain error. Accordingly, this issue is not preserved for plain error review, and we cannot address it on appeal. *State v. Truesdale*, 340 N.C. 229, 233 (1995) ("[The] [d]efendant has failed specifically and distinctly to contend that the trial court's instruction . . . constituted plain error. Accordingly, he has waived his right to appellate review of this issue.").

## CONCLUSION

¶ 25        The Record discloses substantial evidence of each element of felonious speeding to elude arrest, and the trial court did not err in denying Defendant's motion to dismiss. Defendant's instruction request was not preserved for appellate review.

NO ERROR.

Judges DILLON and INMAN concur.